GRIFFIN
vs
GRIFFIN.

8m 120
96 660

CHANCERY.                    Griffin *vs* Griffin.

Case 31.              ERROR TO THE LINCOLN CIRCUIT.

*Husband and wife.   Alimony.   Bar by former suit.*

December 24.    JUDGE SIMPSON delivered the opinion of the Court.

Case sta'ed.

THIS is a suit between husband and wife, brought by
the wife, to obtain a decree for alimony.   It exhibits a
lamentable picture of family discord, resulting from un-
restrained passions and perverse temper.   The conduct
of both is alike reprehensible.   The wife seems occa-
sionally to have been actuated by the very spirit of
mischief, resorting to every species of annoyance, for
the avowed purpose of irritating and provoking her
husband.   The husband, at times, drank to excess, and
when in a state of intoxication used, on three or four
different occasions, personal violence towards his wife.
These occurrences, however, were generally brought
about by the misconduct of the wife, and one of them
was produced by her, having first used a stick upon the
person of her husband.

Though the law
does not require
the conduct of
the wife to be en-
tirely blameless,
before she can
be entitled to ali-
mony, yet if it
appear that she
is the chief cause
of all the dissen-
sions in the fam-
ily & pursued to-
wards the hus-
band a systema-

The law, with due consideration for the frailty of hu-
man nature, does not require the conduct of the wife to
be entirely blameless, to entitle her to alimony.   But
when it is evident that she has been the chief cause of
all the disturbances and scenes of violence in the family,
and has pursued a systematic course of petty annoyan-
ces, with a view, as expressed by herself, to harrass her
husband and drive him to desperation, to sustain her
claim to alimony under such circumstances, would be to
encourage family dissensions, and a contemptuous dis-

regard of those duties imposed by the marriage relation.

It is the policy of the law, and necessary to the purity and usefulness of the institution of marriage, that those who enter into it should regard it as a relation permanent as their own lives; its duration not depending upon the whim or caprice of either; and only to be dissolved when the improper conduct of one of the parties, (the other discharging its duties with fidelity, as far as practicable under the circumstances,) shall render the connection wholly intolerable or inconsistent with the happiness or safety of the other.

The wife, in this instance, continued to live with the husband for some years after the occurrence of these scenes of personal violence. It is, therefore, apparent she did not consider her life in danger, or apprehend any further cruel treatment from her husband, although their quarreling continued as violent as ever.

We are of opinion, therefore, there was no error in the refusal of the Court to decree her alimony, for the purpose of a separate maintenance. She is, however, still the wife of the defendant. It is his duty to receive her and maintain her at his own house. If he refuses to do so, or if upon her return with his consent, she conducts herself with reasonable propriety, and his treatment should be unkind and cruel, in either event, she will be entitled, by invoking the aid of the Chancellor, to a decree for alimony. The decree in this case forms no bar to any claim growing out of the subsequent conduct of the parties.

Wherefore, the decree is affirmed.

*J. & W. L. Harlan* for plaintiff; *Turner and F. Ballinger* for defendant.

---

GRIFFIN
*vs*
GRIFFIN.

tic course of petty annoyances to harrass and distract the husband, the Chancellor will withhold the hand of relief to her claims.

It is the policy of the law to impress those who enter into the marriage relation, with the idea that it is to be as permanent as their lives.

That a wife continued to live with her husband after acts of violence, is proof that she did not consider herself in danger.

A decree dismissing a bill for alimony, is no bar to another suit founded upon subsequently accruing causes.