Youngs v. Youngs.

---

# Marie A. Youngs
## v.
# Phineas R. Youngs.

*Divorce—Intoxication—Morphine Habit—Cruelty—Sexual Intercourse
—Immoderate Requirement—Condonation.*

1.   Proof of the immoderate and habitual use of morphine will not sus-
tain the charge of habitual drunkenness in a bill for divorce.

2.   The compulsory participation by a wife in excessive sexual inter-
course will not amount to cruelty unless the persistence of the husband is
against her will, he knowing that her bodily health will suffer therefrom.

3.   Upon a bill by a wife for divorce upon the ground, among other things,
of extreme and repeated cruelty, this court holds, that the acts complained
of were condoned by her.

[Opinion filed May 29, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon.
LORIN C. COLLINS, Judge, presiding.

Messrs. C. F. LOESCH and GEORGE DRIGGS, for appellant.

Messrs. A. J. HOPKINS, N. J. ALDRICH and F. A. THATCHER,
for appellee.

MORAN, J. This is a bill for divorce. Two statutory
grounds for divorce are alleged in the bill. Habitual drunk-
enness and extreme and repeated cruelty.

The evidence introduced in support of the first ground was,
that appellee was in the habit of taking morphine by hypoder-
mic injections, and that he would become stupid and helpless
from the effects of it, and appear like one intoxicated, and
conduct himself in a drunken manner, and that he persisted
in the use of the drug, and while he tried to reform, seemed
unable to do so.

The word "drunkenness" used in our statute is commonly
and generally understood to mean that intoxication which
results from the excessive drinking of alcoholic liquor, and to
show one guilty of habitual drunkenness it must be proved
that drinking to excess is indulged in so frequently as to be-
come a fixed habit with him. Words used in a statute must
be taken in their plain, ordinary and usual sense. The intoxi-
cation which results from the excessive use of opiates, is not
understood or described by the word "drunkenness" in the
divorce law, hence proof of the immoderate and habitual use
of morphine, was not sufficient to sustain the charge of habit-
ual drunkenness made in the bill. Barber v. Barber, 14 Law
Reporter, 75; 1 Bishop on Mar. & Div., Sec. 813.

In support of the charge of extreme and repeated cruelty
there is evidence of striking and harsh treatment, but the acts
of violence seem to have occurred when the appellee was
under the influence of morphine, and usually in resisting the
efforts of appellant to take the drug away from him.

There is also evidence tending to show that he sometimes
treated the child cruelly by beating it, but the proof does not

show that this was done for the purpose of annoying or maliciously harassing appellant.   As further evidence of cruelty appellant complains that she was compelled by appellee to submit to excessive sexual intercourse.   This will not amount to cruelty unless it is shown that it is persisted in by the husband against the will of the wife, and when he knows that the act is injurious to her bodily health.   Shaw v. Shaw, 17 Conn. 189.

As to the acts of personal violence and cruel conduct toward appellant, perhaps if they had continued until the separation, and she had been compelled to leave for such violence, there might be enough to warrant a divorce; but we are of opinion that the proof in this case shows a condonation of said acts of cruelty, and that the chancellor was right in so holding.

The last act of cruelty appellant testifies occurred in December, 1886, and she continued to live and cohabit with appellee till March, 1887.   There is no evidence of subsequent abusive treatment or ill usage.   2 Bishop on Mar. & Div., 50, 51; Farnham v. Farnham, 73 Ill. 500.

The dec.ee of the Circuit Court will be affirmed.

*Decree affirmed.*