CASE 46.—ACTION FOR DIVORCE BY DAISY. M. COLES
AGAINST WILLARD COLES.—Nov. 13.

## Coles v. Coles

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for defendant. Plaintiff appeals.—Affirmed.

1.  Evidence—Hearsay.—Evidence in d'vorce for excessive sexual intercourse amounting to cruelty•that the housekeeper of the parties had stated to witnesses that the husband would insist upon the wife submitting herself to him, and said that, if they did not take her from him, he would kill her, was competent only for the purpose of contradicting a denial by the housekeeper that she had made such a statement, and was not competent to show such alleged fact.

2.  Divorce — Actions for — Evidence — Sufficiency. — Evidence in divorce for excessive sexual intercourse amounting to cruelty held not to warrant a divorce on that ground.

3.  Divorce—Defenses.—A wife who abandoned her husband without just cause is not entitled to a divorce either absolute or from bed and board.

4.  Divorce — Disposition of Property—Accounting for Rents.—A wife who abandoned her husband without just cause is not entitled to an accounting for rents of their home.

D. G. PARK for appellant.

R. G. ROBBINS, ROBBINS & THOMAS and W. J. WEBB for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

In this action the plaintiff, Daisy M. Coles, asks for a divorce from the defendant, Willard Coles. She also seeks alimony for herself and maintenance for her two infant children, who are of tender age. She further asks for a settlement of the property rights between herself and husband involved in a house and lot jointly owned by them, claiming not only one-half of the proceeds of the property, but the reasonable rental value of her one-half interest therein since the date of separation. This property was paid for one-half by the defendant and one-half by plaintiff's father. As a ground for divorce, plaintiff alleges that the defendant, Willard Coles, as her husband, has habitually behaved towards her as his wife for more than six months in such a cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness. She also alleges that the defendant has so cruelly injured her as to indicate an outrageous disposition and temper in him, and has thereby destroyed her health and endangered her life and caused her great bodily injury, and has rendered her in danger of great bodily injury, and probable danger of her life, in remaining with him. Judgment was entered denying plaintiff the relief sought, and she appeals.

Appellant's contentions are: (1) The judgment should be reversed for the failure of the court to adjudge plaintiff the rents for the use and occupancy by her husband of her undivided one-half interest in the house and lot which they jointly own. (2) The judgment should be reversed because appellant made

out her second ground for divorce as alleged in the petition. (3) Even if appellant is not entitled to an absolute divorce, she should be entitled to a divorce a mensa et thoro, with reasonable alimony and maintenance for herself and children.

It is insisted by appellant that her grounds for divorce were made out by proof of abuse in sexual intercourse by the husband which destroyed her health and endangered her life. Appellant relies upon the proposition of law set forth in 14 Cyc., at page 610, where it is said: "Sexual intercourse persisted in by the husband against the will of the wife to the injury of her health is cruelty affording her ground for divorce, if he knows or has reason to know the injury and suffering which his demands will inflict upon her" —citing Mayhew v. Mayhew, 61 Conn, 233, 23 Alt. 966, 29 Am St. Rep. 195; Youngs v. Youngs, 33 Ill. App. 223; Id. 130 Ill. 230, 22 N. E. 806, 6. L. R. A. 548, 17 Am. St. Rep. 313. Counsel for appellant insists that, although it is extremely difficult to prove facts constituting the ground of divorce urged, the proof in this case abundantly supports the conclusion that appellee, with knowledge of his wife's condition, persisted in having sexual intercourse with her under such circumstances as endangered her health and life, and it amounted to cruelty on his part. According to the testimony of two physicians and of appellant's mother and father, appellant suffered frequently from severe nervous headaches and from pains in the abdomen in and near the region of the pelvis. The physicians state, however, that in their opinion such conditions were of rheumatic origin. There is nothing in their testimony to indicate that the conditions were produced by excessive sexual intercourse. The only thing in the record from which excessive sexual inter-

course may be inferred is found in the testimony of appellant's parents, who claim that one Mrs. Davis, who was housekeeper at the home of the parties to this action, stated that appellee would frequently come home and insist upon appellant submitting herself to him, and that, if they did not take appellant away from appellee, he would kill her. The witnesses Mr. and Mrs. Melvin were permitted to testify to this fact after Mrs. Davis, upon cross-examination, had denied that she made such statement. Of course, such testimony as this was competent only for the purpose of contradicting Mrs. Davis. It was not substantive testimony against appellee. It such were the law, every person would be at the mercy of any other person who might see fit to make statements concerning him. As Mrs. Davis' statement testified to by the Melvins was competent only for the purpose of contradicting Mrs. Davis, and was not competent for the purpose of showing that appellee persisted in requiring that his wife yield to his demand, it follows that there is absolutely no proof of the ground insisted upon by appellant. We can not conclude merely from the fact that a woman suffers from a nervous headache and pains in her abdomen and womb that such condition is produced by excessive sexual intercourse. It appears that appellant had borne two children, and had had an attack of scarlet fever. So far as the record shows, it is just as probable that her physical condition was due to these facts as that it was due to the fact that she was a victim of excessive sexual intercourse. Aside from this consideration, the evidence of nearly all the witnesses in this case, except the parents of appellant (and they did not testify to any facts within their own knowledge to the prejudice of appellee), is to the effect that appellee provided bountifully for his wife, and

Coles v. Coles.

that his treatment of her was uniformly kind and considerate. This testimony tends to repudiate the idea that he was cruel in the particular charged by appellant.

The testimony shows that appellant left the home of appellee. She has failed to show that it was due to any fault on his part. Having abandoned her husband without just cause, so far as the record discloses, she is not entitled to a divorce, either absolute or from bed and board. Nor is she entitled to any rents from the home which she voluntarily abandoned.

For the reasons given, the judgment is affirmed, and appellee will pay the costs.