## Van Meter v. Van Meter.

(Decided, March 2, 1916.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Divorce—Alimony—Court Awarding Has Control of Order Allowing.—An order of the court awarding alimony is not final but remains under the control of the court and may be set aside or modified at its discretion.

2. Divorce—Alimony—Separate Action May Be Brought for.—An independent action may be brought to recover alimony.

3. Appeal and Error—Jurisdiction—Alimony.—Where the circuit court enters an order requiring the husband to pay the wife $4 a week alimony, the order can not be appealed from as no one of the installments is as much as two hundred dollars—the amount necessary to give this court jurisdiction.

4. Appeal and Error—Jurisdiction—Alimony.—Where the amount of alimony awarded is a lump sum of two hundred dollars or more, or where the first installment to be paid amounts to this much, this court will have jurisdiction of the matter on appeal. But before the husband can appeal to this court in a case involving an allowance less than the jurisdiction of this court, he must have

paid, as shown by the orders of the lower court, an amount suffi-cient to give this court jurisdiction, and the burden is on him to show that the court has jurisdiction to review the ruling appealed from.

5. Appeal and Error—Jurisdiction—Alimony.—There is no reason why a party who is adjudged to pay alimony should have any greater right to an appeal before he has paid the requisite amount to give jurisdiction than any other person who pays, by order of court, a sum less than the jurisdictional amount.

HENRY W. SANDERS for appellant.

BOYCE WATKINS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Dismissing appeal.

The parties to this appeal are young people and husband and wife. They were married on January 22, 1914, and in September, 1914, the appellee brought this suit for alimony alone, charging that the appellant refused to live with her or make suitable provision for her support, and that the wife had the right to bring this suit for alimony alone is settled in Hulett v. Hulett, 80 Ky., 364, and many other cases.

The appellant, in his answer and counter-claim, filed in October, 1914, denied that he had abandoned his wife or refused to support her, and sought a divorce from bed and board on the ground that she had failed and refused to live with him.

After the issues had been made up, the evidence was taken, and it shows that the differences between this couple which caused their estrangement and this litigation were both childish and trivial. When the case was submitted, the chancellor entered the following order, on March 27, 1915: ''It is considered and adjudged by the court that the plaintiff, Lillie M. Van Meter, recover of the defendant, Clinton B. Van Meter, judgment in the sum of $4.00 per week alimony and her costs herein expended, for all of which she may have execution.''

From this order the husband, as appellant here, prosecutes this appeal, and the question arises, has this court jurisdiction of the appeal?

It is provided in section 950 of the Statutes: ''* * * But no appeal shall be taken to the Court of Appeals as a matter of right from a judgment for the recovery of money or personal property, or any interest therein, or

to enforce any lien thereon, if the value in controversy be less than $500.00, exclusive of interest and costs. * * * In all other civil cases the Court of Appeals shall have appellate jurisdiction over the final orders and judgments of the circuit courts. Provided, however, that the Court of Appeals may grant an appeal when it is satisfied from an examination of the record that the ends of justice require that the judgment appealed from should be reversed; or when the construction of a section of the constitution is necessarily and directly put in issue, and a correct decision of the case cannot be had without passing on the validity of the statute or construing the section of the constitution or statute involved, if the value of the amount or thing in controversy, exclusive of interest and costs, is as much as two hundred dollars.''

It has also been written in a number of cases that the amount in controversy, when the defendant appeals, is the amount of the judgment against him. But, in cases like this, where the court, by an order that is not final but remains under the control of the court, to be set aside or modified at discretion, directs the payment of a certain sum each week or month without fixing any time when the payment shall stop or fixing how long it shall continue, and no one of the sums ordered to be paid is large enough to give the court jurisdiction, it is obvious that the amount in controversy, if an appeal is to be allowed at all, cannot be determined by the statutory rules applicable when the judgment is final and fixes a definite amount to be paid, either at once or in installments, or fixes definitely the amount that is recovered.

It will be observed that the order in this case does not fix the time for which the $4.00 a week shall be paid, and it is the well settled practice in this State, and generally prevailing, that orders of court directing the husband to pay weekly, monthly or quarterly a specific amount as alimony are under the control of the court and may at any time, in the reasonable discretion of the court, and for good cause, be set aside, or the amount directed to be paid may be increased or diminished. In short, it is an interlocutory and not a final order; and, therefore, if the question were an open one in this State, it might well be doubted if an appeal would lie in any case from an order allowing alimony, although the

amount allowed was sufficient to give this court jurisdiction.

But the question is not an open one, as it has been often written that when the court enters an order directing the payment at one time of a sum within the jurisdiction of this court, an appeal may be prosecuted to this court, as such an order is a judgment for the recovery of money. It was so held in Lochnane v. Lochnane, 78 Ky., 457, where the court said:

"That an appeal may be taken from a decree making an allowance to support the wife pending a suit for divorce cannot be questioned. It possesses all the essential elements of a final judgment. It may be enforced by rule or execution, and is in every respect independent of the final determination of the court as to the rights of the party in regard to the question of divorce."

In this case the opinion does not state the amount of alimony awarded, but the record shows that it was a lump sum more than sufficient to give this court jurisdiction. But we have not been referred to any case, nor have we found one, in which the jurisdiction of this court was challenged when the order definitely fixed the amount to be paid at a sum less than would give us jurisdiction to review it; and so the question is one of first impression in this court.

In Thompson v. Thompson, 226 U. S., 551, 57 L. Ed., 347, the Supreme Court of the United States had before it a question similar to the one here involved. It appears from the opinion that the Supreme Court of the District of Columbia entered a decree awarding to the wife custody of an infant child born to the parties during the pendency of the proceedings and requiring the husband to pay to the wife $75.00 per month for the maintenance of herself and the child, to forthwith pay to her the sum of $500.00 for counsel fees, and also to pay the costs of suit to be taxed. From this decree the husband appealed to the Court of Appeals of the District, which reversed the decree, with direction to enter an order dismissing the appeal. From this judgment an appeal was taken to the Supreme Court, and in considering the question of its jurisdiction the court said that the statute gave it jurisdiction "in all cases in which the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars." Appellee challenges our jurisdic-

tion on the ground that the matter here in dispute does not exceed the sum mentioned.

"Under the decree of the Supreme Court the payments of $75.00 per month for support of the wife and child were to commence on July 15, 1909. Supposing that decree to be now reinstated by a reversal of the decree of the Court of Appeals, the installments already accrued (this opinion was handed down in January, 1913) would amount to considerably more than one-half of the jurisdictional amount. The expectancy of life of the parties is clearly sufficient to make up the balance."

The court further said, in speaking of the effect of the statute under which the allowance was made: "The statutory maintenance is thus assimulated to alimony, in that it is subject to be modified from time to time or even cut off entirely, in the event of a change in the circumstances of the parties; and it of course ceases wholly upon the death of the husband. * * * Nevertheless, such a decree clearly and finally settles the obligation of the husband to contribute to the support of the wife and offspring, and fixes the amount of contributions required for the present to fulfill that obligation. The future payments are not in any proper sense contingent or speculative, although they are subject to be increased, decreased, or even cut off, as just indicated. The statute conferring jurisdiction on this court, while requiring that the matter in dispute shall exceed $5,000.00, does not require that it shall be of such a nature as to constitute a technical debt of record."

If the rule laid down in this case should be applied here, we might, by assuming that all installments to this date, amounting to about $190.00, had been paid or would be paid, and by assuming that other installments would be paid, and by assuming that the court had not already set aside or modified the order, and by assuming that he would not do so, find an amount sufficient to give this court jurisdiction. But whether these weekly payments have been paid up to this time or not, or how much, if anything, has been paid on them, the record does not disclose, nor have we any way of estimating what will be paid in the future. Probably the appellant has paid all of them and possibly he has paid none of them, as the parties may long since have resumed their marital relations. Probably he may pay the allowance for many

years and possibly the court may have already set the order aside.

Under these conditions it is obvious that the whole matter is in an unsettled state, and its disposition cannot be controlled by the rules that would apply if the order directing these payments was final or beyond the power of the lower court to modify or set aside. And, although we have high regard for the views expressed by the Supreme Court, we are not prepared to consent that they should be applied to this case. Nor do we think the life expectancy of these parties is a tenable ground on which to rest the jurisdictional control of this court to review the judgment, in view of the fact that there is only a bare possibility that the allowance will continue for the life of the husband or wife.

We recognize that it is difficult to determine in a satisfactory way when the jurisdiction of this court will attach in cases like this. If the amount awarded was a lump sum, or the first installment to be paid was sufficient to give this court jurisdiction, there would be of course no difficulty in holding that this court had jurisdiction of the appeal; but when the order appealed from makes the allowance payable in weekly or monthly installments and no installment is sufficient in amount to give this court jurisdiction, and it does not appear what, if anything, has been paid or will be paid, plainly, to take jurisdiction at all we must do so upon the theory that a sufficient number of installments have been or will be paid to make an amount sufficient to give this court jurisdiction, and this we are not inclined to do. We think that before the husband can appeal to this court in a case involving an allowance less than the jurisdiction of this court, he must have paid, as shown by the orders of the lower court, an amount sufficient to give this court jurisdiction. If he has not paid the allowance ordered by the lower court, he is in contempt of court and is not entitled to an appeal. If he has paid it, he can easily secure an order of court showing this fact, and the burden is on him to show that this court has jurisdiction to review the ruling appealed from.

There seems to us no good reason why a party who is adjudged to pay alimony should have any greater right to an appeal before he has paid the requisite amount to give jurisdiction than any other person who pays by order of court a sum less than the jurisdictional

amount. This rule may of course result in the party paying the alimony losing what he has paid before he can bring his case here for review, supposing that this court should hold that he should not have been required to pay any alimony. But this circumstance is not of sufficient weight to justify a departure from the statutory rule; and the appeal is dismissed.