## Hoffman v. Hoffman.

(Decided December 10, 1920.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Divorce—Appeal—Appellate Jurisdiction.—Though the Court of Appeals is without power to reverse a judgment of divorce, it may review the judgment in other respects where the amount or rights involved are such as to confer jurisdiction.
2. Appeal and Error—Judgment for Alimony.—Since the jurisdiction of the Court of Appeals in actions for the recovery of money is limited to cases where the amount in controversy is $200.00, exclusive of interest and costs, and since the court below may set aside the allowance of alimony and maintenance, or the husband may die, and thus the amount in controversy may never equal the amount necessary to confer jurisdiction, the court is without jurisdiction to entertain an appeal from an order directing the husband to pay the wife $11.00 a month for alimony and maintenance of children.
3. Appeal and Error—Divorce—Custody and Support of Children.—The Court of Appeals has the power to review a judgment of divorce in so far as it affects the custody of children, and having jurisdiction for that purpose, it has jurisdiction for all purposes, and may review the allowance of alimony and maintenance, as

well as the allowance to plaintiff's attorneys, though the amounts involved are not sufficient to confer jurisdiction.

4.  Divorce—Custody of Children.—In a case of divorce it is a settled practice to award children of tender years, especially girls, to their mother, unless it be made to appear that she is an unsuitable person.

5.  Divorce—Right to Alimony.—Where a divorce is granted, the wife is entitled to alimony, though not free from blame, where no moral delinquency on her part is shown, and it appears that the husband was a substantial participant in the shortcomings which led to the separation.

6.  Divorce—Alimony—Maintenance of Children.—Where the husband has an income of $16.00 a week from his business and owns five pieces of property which are worth several hundred dollars more than the encumbrances thereon, an allowance of $11.00 a week for alimony and maintenance of two infant children will not be increased or decreased in view of the fact that the chancellor may modify the allowance in case the circumstances of the parties require it.

7.  Divorce—Attorney's Fee—Liability of Husband.—Under section 900, Kentucky Statutes, the husband, in actions for alimony and divorce, is liable for all costs, including a reasonable compensation to his wife's attorney, unless it be made to appear, first, that the wife was in fault, and, second, that she has ample estate to pay the costs.

8.  Divorce—Attorney's Fee—Liability of Husband—Sufficiency of Wife's Estate.—Where there is an encumbrance on the wife's property of $750.00, and it does not appear whether the interest thereon has been kept up and the taxes paid, or that the property would bring any substantial sum in excess of the debt and the interest, it cannot be said that she has ample estate to pay the costs, and the husband will be held liable for her attorney's fee.

9.  Divorce—Divorce From Bed and Board—Restoration of Property. —Where a divorce was granted merely from bed and board, an order directing that the parties restore to each other all the property which either may have obtained, directly or indirectly, from the other during the marriage, and in consideration or by reason thereof, was error, such an order of restoration not being authorized by the statute and Code except in case of absolute divorce.

HENRY J. TILFORD for appellant.

BECKHAM OVERSTREET for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on original appeal and reversing on cross appeal.

Amelia Hoffman sued her husband, Charles F. Hoffman, for divorce and alimony and the custody of their

infant children. Defendant filed an answer and counter-claim denying the allegations of the petition, and asking a divorce from plaintiff. On final hearing the parties were granted a divorce from bed and board, and plaintiff was awarded the custody of the children. In addition to her costs, incluing her attorney's fee of $125.00, plaintiff was also awarded alimony in the sum of $3.00 per week and $8.00 per week for the maintenance of the children. Claiming that the judgment is erroneous in so far as it awards plaintiff the custody of the children and requires defendant to pay alimony and maintenance and the fee of plaintiff's attorney, defendant appeals, while plaintiff prosecutes a cross appeal, claiming that the allowance to her attorney and the amounts awarded for alimony and maintenance were too small.

Though we are without power to reverse the judgment of divorce, we may review the judgment in other respects where the amount or rights involved are such as to confer jurisdiction. Shehan v. Shehan, 152 Ky. 191, 153 S. W. 243; Benedict v. Benedict, 165 Ky. 499, 177 S. W. 245; Sloan v. Sloan's Admr., 185 Ky. 369, 215 S. W. 38. Since our jurisdiction in an action for the recovery of money is confined to cases where the amount in controversy is $200.00, exclusive of interest and costs, and since the court below has the power to set aside the allowance of $11.00 per month for alimony and maintenance, or the appellant may die, and thus the amount in controversy may never equal the amount necessary to confer jurisdiction, it is apparent, under the rule announced in Van Meter v. Van Meter, 168 Ky. 783, 182 S. W. 950, and followed in the case of Young v. Young, 171 Ky. 753, 188 S. W. 775, that this court would be without jurisdiction to entertain the appeal if the right to an appeal depended solely on the amount allowed for alimony and maintenance. But, having jurisdiction for the purpose of reviewing the judgment in so far as it affects the custody of the children, we have jurisdiction for all purposes, and may therefore review the allowance of alimony and maintenance as well as the allowance to plaintiff's attorney.

Plaintiff and defendant have two children, both girls. The younger is about three years of age, while the elder is about four and one-half years of age. Having in view the welfare of the children it is our settled practice in cases of divorce to award the custody of children of tender years, especially girls, to the mother, unless it be

made to appear that she is not a suitable person. Wills
v. Wills, 168 Ky. 35, 181 S. W. 619. The evidence does
not show that plaintiff is not a suitable person, and
hence the chancellor did not err in awarding to her the
custody of the children.

It would serve no good purpose to detail the evidence
on the relations of the parties. While it may be true
that plaintiff was partly to blame, the evidence
leaves no doubt that defendant was a substantial partic-
ipant in the shortcomings which led to the separation.
That being true, and no moral delinquency on the part
of plaintiff having been shown, the chancellor properly
adjudged that she was entitled to alimony. Griffin v.
Griffin, 8 B. Mon. 120; Green v. Green, 152 Ky. 486, 153
S. W. 775. Defendant was not perfectly frank in stating
the amount of his income or the value of his property.
He admits an income from his business of about $16.00
a week. In addition to this, he owns five pieces of prop-
erty which are worth several hundred dollars more than
the encumbrances thereon. In view of these facts, and
of the further fact that the chancellor may modify the
allowance in case the circumstances of the parties re-
quire it, we perceive no reason why the amount should be
increased or decreased at this time.

It appears that the title to the house in which the
parties lived at the time of their separation was in plan-
tiff. It is therefore contended that as plaintiff was at
fault and had property, defendant should not have been
required to pay her attorney's fee. Under our statute,
the husband, in actions for alimony and divorce, is liable
for all costs, including a reasonable compensation to his
wife's attorney, unless it be made to appear, first, that
the wife is in fault, and, second, that she has ample estate
to pay the costs. Section 900, Kentucky Statutes; Steele
v. Steele, 119 Ky. 466, 84 S. W. 516. The property to
which the wife has title is encumbered for $750.00.
Whether the interest has been kept up and the taxes paid
does not appear, nor is it clear that if the property
were sold it would bring any substantial sum in excess of
the debt and the interest. That being true, we cannot
say that the wife has ample estate to pay the costs.
Hence the chancellor did not err in holding that defend-
ant should pay plaintiff's attorney's fee, which, we
think, was fully as much as, but not more than, his serv-
ices were reasonably worth.

As part of the decree the chancellor adjudged that the parties restore to each other all the property which either may have obtained directly or indirectly from the other during the marriage, and in consideration or by reason thereof. This was error for the reason that the divorce was merely from bed and board, and it is only in cases of absolute divorce that such an order of restoration is authorized by the statute and Code. Section 2121, Kentucky Statutes; section 425, Civil Code; Orr v. Orr, 8 Bush 156. On the return of the case the court will set aside the order in question.

Judgment affirmed on original appeal and reversed on cross appeal for proceedings not inconsistent with this opinion. Whole court sitting. Judges Thomas and Quin dissenting from so much of the opinion as holds that an appeal would not lie if only the question of alimony and maintenance were involved.