## Billington v. Billington.

(Decided November 9, 1928.)

### Appeal from Calloway Circuit Court.

1. Courts.—Court of Appeals held without jurisdiction of appeal from judgment in wife's divorce suit, in so far as it directed payments of temporary alimony, where installments of alimony due at time of appeal amounted to less than $200.

2. Divorce.—Action of trial court in leaving child with mother pending divorce suit, after mother had taken child from father's custody, held not abuse of discretion, under Ky. Stats., sec. 2123.

E. P. PHILLIPS for appellant.

LOVETT & LOVETT for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Dismissing in part and affirming in part.

This appeal grew out of a divorce proceeding. Henry Billington, then 25 years of age, on December 24, 1920, married Mable Tucker, who was then 16. In December, 1922, a child of that marriage, Florence Billington, was born. Henry Billington had been a soldier in the World War, and had been gassed. Some of the effects of that gas were manifesting themselves in the early part of 1925, and he was sent to the United States Hospital at Dawson Springs for treatment. On his return, Mabel refused to live with him. In August, 1925, she became reconciled to him, and went with him to Akron, Ohio, where he secured employment in a rubber tire factory. In March, 1926, she returned to Kentucky, on a visit, as Henry says, but because he had sent her, as she says. In about two weeks Henry learned that she did not expect to return to him. He came to Kentucky and endeavored to effect a reconciliation, but was unsuccessful. On July 23, 1926, Henry came back to Kentucky, and took with him to Ohio the child, Florence, without Mabel's consent. Two days thereafter, she began suit against him for alimony and for the custody of this child. On August 26, 1927, Mabel went to Ohio and got this child without the knowledge or consent of Henry, and brought her back to Kentucky.

At the time she began this suit, Mabel procured an attachment which was levied on 40 acres of land in Kentucky, belonging to Henry. On November 13, 1927, the court entered a judgment giving her custody of the child,

sustaining her attachment on the land, awarding her the sum of $40 per month to be payable monthly on and after December 1, for the support and maintenance of herself and child, until further orders of the court, awarding to her attorneys a fee of $100 and adjudging a lien on this land, by virtue of her attachment, for the payment of those sums. The questions of divorce and permanent alimony were left open, and the cause was continued. When this suit was begun, Henry Billington was proceeded against as a nonresident, but, on September 3, 1927, he had returned to Kentucky, and while he was here process was served on him. In the meantime, however, he had, on August 13, 1927, filed an answer and cross-action, in which he denied categorically the petition, pleaded that Mabel had quit and abandoned him in the state of Ohio in March, 1926, and pleaded that it was the law of Ohio that an abandonment of one spouse by the other was to the spouse not in fault a ground for divorce after that abandonment had continued for 12 months, thus raising a question on which the court has not passed.

From the order of November 13, 1927, Henry prosecuted this appeal, on March 10, 1928. At that time only four installments of temporary alimony, of $40 each, had accrued. Mabel has entered a motion to dismiss this appeal because the alimony due amounted to less than $200, and was not sufficient to give this court jurisdiction. Upon that feature of the case, her position is well taken, and this appeal is dismissed without prejudice as to that feature.

The temporary custody of this child is also involved, but from an examination of this record, we are unable to say that the court abused its discretion in leaving the child with the mother pending the suit, as by section 2123, Kentucky Statutes, the court had the right to do, and upon this feature of the case the judgment is affirmed.

The proof taken in this case comprises 218 pages of the record; 37 witnesses were examined, and the clerk has wholly failed to prepare any index for those depositions. Because of such failure, $5 shall be deducted from his fee for making this record, and, if he has been paid, he shall refund that sum. Attorneys are requested to call the attention of clerks to this.