## White v. White.

(Decided Nov. 1, 1932.)

DAVID R. CASTLEMAN for appellant.

MORRIS B. GIFFORD for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

A review of these appeals from a judgment denying a divorce to either party, awarding custody of the children, and maintenance to the wife and a child has called for and has received the careful consideration of a voluminous record. It contains a detailed history of the lives and intimate conduct of the parties which led to the wife leaving the appellant in September, 1928, and going to her mother's home in Cincinnati. A recitation of the evidence is neither desirable nor necessary.

On the husband's appeal it is only argued that he was entitled to a decree of divorce on the ground of abandonment. On the wife's cross-appeal it is argued that she was entitled to the decree on the ground of psychical cruel and inhuman treatmentfl No physical mistreatment is intimated. There was none. Other grounds relied on in the trial are not being pressed and they have been considered only as they bore upon the points argued.

The learned special chancellor delivered a well-prepared and exhaustive opinion, giving his conclusions to be that, while the wife had actually abandoned the husband within the statutory terms, his attitude and actions were so provocative that it could not be said he was without fault; and that, while he had been guilty of such treatment as might ordinarily justify a divorce decree in her favor, yet her conduct had been such that it could not be said she was without like fault. In those conclusions as to the facts and applicable law, this court concurs.

It appears in the record that Mr. White lives with his father and Mrs. White with her mother, and at present neither of them is at any expense to maintain a home. It is proven that the wife's people are not only able but are willing to care for her and the little girl, whose custody has been given to the mother. Her fitness ·and qualification are not questioned. The custody of the little boy has been given to the father. The husband's salary is at least $150 a month, and we think the chancellor properly and fairly adjudged that he should pay to his wife $75 a month for the maintenance of herself and child. So long as the appellee is appellant's wife, he is legally, as well as morally, obligated to support her. Pore v. Pore, 50 S. W. 681, 20 Ky. Law Rep. 1980; Hulett v. Hulett, 80 Ky. 364; Kelly v. Kelly, 183 Ky. 172, 576, 209 S. W. 335; Williamson v. Williamson, 183 Ky. 435, 209 S. W. 503, 3 A. L. R. 799; Metcalf v. Metcalf, 244 Ky. 536, 51 S. W. (2d) 675; Miller v. Miller, 229 Ky. 436, 17 S. W. (2d) 412. The judgment has provided for a reconsideration of the custody of the children and maintenance upon conditions changing.

Wherefore, the judgment is affirmed on both the direct and cross appeals.