## Whitsitt v. Adams, Judge of Fayette Circuit Court.

Oct. 16, 1942.

J. A. Edge for petitioner.

Robert M. Odear and R. W. Keenon for respondent.

OPINION OF THE COURT BY JUDGE THOMAS—Sustaining Demurrer.

This is an original action filed in this court by petitioner, Albro H. Whitsitt, against respondent, Chester D. Adams, Judge of the Fayette circuit court, wherein petitioner seeks a mandatory order from this court directing and requiring respondent to grant to petitioner an appeal to this court from an order entered by respondent in a divorce action pending before him which petitioner's wife had filed against him, wherein she sought an absolute divorce, allowance of alimony, the custody of the three children of the parties, and a mandatory temporary injunction against petitioner requiring him to permit his wife (plaintiff in the divorce action) to occupy the jointly owned residence by them during its pendency, or until further orders of the court. Other orders for temporary relief were also requested by the wife, but which are not complained of by respondent in this original action in this court.

After the filing of the action for divorce, plaintiff therein entered motion before respondent for the proper orders supra, including the allowance of temporary alimony, and for mandatory orders for the realization of other rights, and compelling petitioner, as defendant in the wife's action, to obey such requirements, among which was to surrender to plaintiff the custody of the three infant children of the parties, and to permit her to occupy their jointly owned property without molestation by him. On the hearing of that motion so made by the wife, respondent, as Judge of the Fayette circuit court, wherein the divorce action was pending, entered

an order allowing the wife in her divorce action the sum of $35 per week, and requiring petitioner here, and defendant in that action, to pay to his wife that amount until the further orders of the court. The court also sustained the wife's motion for injunctive relief against her husband requiring him to permit her and her three infant children to occupy the former residence of the parties and restraining him from molesting her in such occupation, but granting the right of petitioner to visit and be with his children on specified occasions. From that order petitioner moved the respondent, as such presiding judge to grant him an appeal from so much of the order to which he objected as allowed to her temporary alimony, and that part requiring him to turn over to his wife parts of their jointly owned residence for temporary occupancy of herself and the three children. Respondent declined to grant petitioner the appeal which he sought by his motion, and overruled it. Following that order this original action in this court was filed to obtain the relief hereinbefore recited. Respondent has filed a general demurrer to petitioner's petition herein and in support thereof it is contended that under our determinations made in the cases of Billington v. Billington, 226 Ky. 207, 10 S. W. (2d) 815); Gray v. Gray, 241 Ky. 853, 43 S. W. (2d) 1114, and Arms v. Arms, 246 Ky. 827, 56 S. W. (2d) 536 (and, perhaps, others to the same effect), this court on direct appeal has no jurisdiction to review the orders of the trial court in granting temporary alimony unless the amount thereof in arrears is as much as or more than $200.00. In this case only one weekly installment of the temporary alimony allowed by respondent was in arrears, and which, under the opinions referred to, deprives us of *appellate* jurisdiction over the order complained of. For that reason respondent was justified in refusing to grant petitioner an appeal to this court when, under the facts, it would have no jurisdiction to review the order of respondent because of insufficiency of amount to confer appellate jurisdiction.

With reference to the other orders of respondent to which petitioner objected and sought an appeal to this court, counsel for respondent points out that they were made by him in sustaining the motion of the wife in her divorce action for temporary injunction against her husband securing such other rights or alleged rights to her in the divorce action. It is then argued that re-

spondent's remedy, if he was entitled to any, was an application to a member of this court for a review of the order of the trial court under the provisions of Sections 296 and 297 of the Civil Code of Practice, but which was not pursued. Instead the filing of this original action was resorted to.

We see no escape from that argument, and which deprived petitioner of the right of appeal to this court for a review of the temporary orders made by respondent in disposing of the wife's motion in the divorce action. It thus appears that if respondent had ruled differently and had granted petitioner the right to appeal to this court from the orders complained of, the appeal, after being filed here, would have to be dismissed for want of jurisdiction in this court to review it. That being true respondent properly overruled petitioner's motion for an appeal to this court, when it would have no jurisdiction to review the orders complained of after the appeal had been taken.

Wherefore, for the reasons stated the demurrer of respondent to the original petition filed in this court should be and it is sustained, and the petitioned is given until and including October 28, 1942, to amend his petition if he so desires, but if not done within that time the action will be dismissed.