## Littleton v. Littleton.

Nov. 16, 1943.

H. R. Wilhoit for appellant.

Robert H. Winn and John J. Winn for appellee.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

This is an appeal from a judgment of the Rowan circuit court rendered June 24, 1942, modifying an award of alimony theretofore made. The pertinent part of the judgment reads: "It is further adjudged and decreed that the plaintiff, Ethel Littleton, is entitled to the sum of Thirty ($30.00) Dollars per month as maintenance for herself and alimony so long as the condition of the parties remain the same and until changed by further orders of this court; and the defendant, Floyd Littleton, is now and hereby ordered and directed to pay to the said plaintiff, Ethel Littleton, said sum of Thirty ($30.00) Dollars per month for her maintenance and support and as alimony, in two equal installments of Fifteen ($15.00) Dollars each, on the first and fifteenth day of each month, beginning with July 1, 1942."

The defendant, Floyd R. Littleton, prayed and was granted an appeal in the circuit court. He filed a transcript of the record in this court on September 28, 1942. The appellee moved to dismiss the appeal on the grounds that (1) less than $500 is involved and the circuit court therefore was without authority to grant an appeal; and (2) less than $200 is involved and this court is without jurisdiction. The motion to dismiss the appeal was passed to the merits.

The appellee, Ethel Littleton, was the plaintiff in the divorce proceeding. She sought a divorce on the grounds of abandonment and cruel and inhuman treatment, and asked that she be awarded alimony in the sum of $2,500 and, in addition, a reasonable sum per month for the support of herself and infant children. The defendant, Floyd R. Littleton, in a counterclaim, sought a divorce from plaintiff on the ground of abandonment, and asked for the custody of their infant children. On May 4, 1935, a judgment was rendered granting to the defendant an absolute divorce. The custody of their two infant daughters was awarded to the plaintiff, and it was adjudged that the defendant, Floyd R. Littleton,—

"* * * pay the plaintiff and her two daughters the sum of sixty-two dollars and fifty cents ($62.50) per month as long as he is earning one hundred thirty-five dollars ($135.00) per month, * * * or until the oldest daughter arrives at the age of sixteen (16) years, at which time the Court reserves the right to make further orders as to these payments.

"It is further adjudged by the Court that the plaintiff and her two daughters shall occupy the home place that they now own on Railroad Street in Morehead, Kentucky, until the oldest daughter arrives at the age of sixteen (16) years, at which time the Court reserves the right to make further orders in this case."

On August 13, 1940, an order was entered directing the defendant to pay the $62.50 monthly allowance as follows: To each of the two daughters $20 per month and to Ethel Littleton $22.50 per month. Thereafter appellant moved to set aside the monthly allowance of $22.50 per month to appellee, and, after proof was taken, the judgment appealed from was rendered on June 24, 1942. Prior to the rendition of this judgment one of the daughters had arrived at the age of 21 years and the other daughter had married, and payments to them had ceased.

In determining whether or not the amount required to give this court jurisdiction is involved, we are necessarily restricted to the judgment appealed from. The appellant asserts that when a divorce is granted and it is determined that the wife is entitled to alimony, an order directing the husband to make monthly payments to her is an award of permanent alimony and is a final

appealable order regardless of the amount of the monthly payments, and he argues that the cases cited and relied on by appellee are not controlling since they deal with allowances of temporary alimony pending a final judgment in the divorce proceeding. This court has never made such a distinction. Except where alimony is allowed in a lump sum, or a specific amount is allowed payable in installments over a fixed period, awards of alimony are temporary in the sense that they remain under the control of the court and may be set aside or changed at any time for good reason. In Van Meter v. Van Meter, 168 Ky. 783, 182 S. W. 950, 952, the wife sued for alimony alone and was adjudged alimony in the sum of $4 per week. In holding that the amount involved at the time defendant attempted to appeal was not sufficient to give this court jurisdiction, it was said: "We recognize that it is difficult to determine in a satisfactory way when the jurisdiction of this court will attach in cases like this. If the amount awarded was a lump sum, or the first installment to be paid was sufficient to give this court jurisdiction, there would be, of course, no difficulty in holding that this court had jurisdiction of the appeal; but when the order appealed from makes the allowance payable in weekly or monthly installments, and no installment is sufficient in amount to give this court jurisdiction, and it does not appear what, if anything, has been paid or will be paid plainly, to take jurisdiction at all we must do so upon the theory that a sufficient number of installments have been or will be paid to make an amount sufficient to give this court jurisdiction, and this we are not inclined to do. We think that, before the husband can appeal to this court in a case involving an allowance less than the jurisdiction of this court, he must have paid, as shown by the orders of the lower court, an amount sufficient to give this court jurisdiction. If he has not paid the allowance ordered by the lower court, he is in contempt of court and is not entitled to an appeal. If he has paid it, he can easily secure an order of court showing this fact, and the burden is on him to show that this court has jurisdiction to review the ruling appealed from."

In Young v. Young, 171 Ky. 753, 188 S. W. 775, an appeal prosecuted July 19, 1915, from a judgment rendered June 25, 1915, awarding as alimony $15 a month from January 23, 1915, was dismissed on the authority of the Van Meter case. In Hoffman v. Hoffman, 190 Ky.

13, 226 S. W. 119, 120, a divorce from bed and board was granted on final hearing, and the wife was awarded the custody of the children. She was also awarded alimony in the sum of $3 per week and $8 per week for maintenance of the children. The husband appealed from so much of the judgment as awarded the wife custody of the children and required him to pay alimony and maintenance. The court held that since it had jurisdiction for the purpose of reviewing the judgment in so far as it affected the custody of the children it had jurisdiction for all purposes, but said: "Since our jurisdiction in an action for the recovery of money is confined to cases where the amount in controversy is $200, exclusive of interest and costs, and since the court below has the power to set aside the allowance of $11 per week for alimony and maintenance, or the appellant may die, and thus the amount in controversy may never equal the amount necessary to confer jurisdiction, it is apparent, under the rule announced in Van Meter v. Van Meter, 168 Ky. 783, 182 S. W. 950, and followed in the case of Young v. Young, 171 Ky. 753, 188 S. W. 775, that this court would be without jurisdiction to entertain the appeal if the right to an appeal depended solely on the amount allowed for alimony and maintenance."

To the same effect are Whitsitt v. Adams, 291 Ky. 610, 165, S. W. (2d) 180; Arms v. Arms, 246 Ky. 827, 56 S. W. (2d) 536; Gray v. Gray, 241 Ky. 853, 43 S. W. (2d) 1114.

The only case apparently in conflict with the foregoing authorities is Keith v. Keith, 270 Ky. 655, 110 S. W. (2d) 424. There it was said that this court had never considered a single monthly installment as the sole amount in controversy in determining its jurisdiction on appeal, and in support of the statement Bush v. Bush, 245 Ky. 172, 53 S. W. (2d) 352, where the allowance was $20 a week, and White v. White, 245 Ky. 618, 54 S. W. (2d) 24, where the allowance was $75 a month, were cited. In neither of these cases was the question of jurisdiction considered for the obvious reason that the court had jurisdiction on grounds other than the amount of alimony allowed and therefore had jurisdiction for all purposes. Hoffman v. Hoffman, 190 Ky. 13, 226 S. W. 119. In Bush v. Bush the question of custody of children was involved on the appeal, and in White v. White both parties appealed from a judgment denying a divorce to

either of them. We think Keith v. Keith, 270 Ky. 655, 110 S. W. (2d) 424, is out of harmony with the cases heretofore cited in so far as it holds that this court has jurisdiction of an appeal from a judgment granting alimony or maintenance in monthly installments regardless of the amount, and to that extent it is overruled.

In the present case the appeal is solely from a judgment granting alimony in monthly installments, and, the amount being insufficient to give this court jurisdiction, the appeal is dismissed.

Whole court sitting.