Lillian B. STONE, Appellant,

v.

Milburn STONE, Appellee.

Court of Appeals of Kentucky.

Feb. 25, 1955.

Morris B. Borowitz, Louisville, for appellant.

Wilbur Fields, Louisville, for appellee.

CAMMACK, Justice.

This is an appeal from an order dismissing Lillian B. Stone's motion for a rule requiring Milburn Stone to show cause why the monthly payment for the maintenance of their son, Johnny Stone, should not be increased from $50 to $100.

The parties to this action were divorced on November 1, 1949, at which time Lillian was awarded the custody of two children, Mary Ann Stone, then 18 years of age, and John E. Stone, 7 years of age. The divorce judgment included an agreement entered into between the parties concerning property, and custody and support of the children. Pursuant to this agreement Milburn deeded Lillian all his realty, which included a large home valued at approximately $25,000, and further agreed to pay $50 per month for the maintenance of each of the children until they married, became of age, or self-supporting. Mary Ann was married in September, 1950, less than a year after the entry of the judgment, so Milburn was required to pay only $50 per month after that time.

On December 31, 1953, Lillian filed her motion for a rule requiring Milburn to show cause why the monthly allowance of $50 for Johnny should not be increased to $100. This motion was referred to the master commissioner and on May 21, 1954, he filed his report recommending that the motion for the rule be dismissed. Judgment was entered accordingly.

At the hearing before the commissioner Lillian testified that, since Johnny was four years older than when the judgment was entered, his needs were greater, and also that the cost of living had increased. She testified further that it would be necessary for her to have the sum of $1,251.50 annually to maintain the boy properly. She admitted that between the years 1950 and 1953 she had sold part of the property she received in the property settlement for about $25,500.

Milburn testified that his taxable income for 1953 was $4,185.23, and that his income for 1949 was $5,109.74. He stated also that his living expenses amounted to $314.30 per month. He admitted purchasing a new automobile in 1953 and that he owns a houseboat and an outboard motor. He stated, however, that he is paying for the houseboat out of money he recently inherited.

We will not set aside a judgment in this character of proceeding unless it is clearly erroneous. CR 52.01. There was ample evidence to support the findings and recommendations of the commissioner.

It is contended by Milburn that this appeal should have been dismissed. His motion to dismiss the appeal was overruled. It is argued that this Court does not have jurisdiction to review appeals from awards of alimony or maintenance payable in installments, where the only issue involved on the appeal is the amount of the award. The case of Littleton v. Littleton, 295 Ky. 720, 175 S.W.2d 502, is cited as authority for this proposition. To the same effect is the case of Noble v. Noble, 310 Ky. 726, 221 S.W.2d 654.

In the Littleton case the appellant was ordered originally to pay $20 per

month to each of his two daughters for maintenance, and $22.50 to his wife, making a total of $62.50 per month. Later one of his daughters arrived at the age of 21 and the other married, and payments to them ceased. Thereafter he moved to set aside the monthly allowance of $22.50 to his wife. However, the court set the allowance at $30 per month. In dismissing the appeal, we said [295 Ky. 720, 175 S.W.2d 504]:

"* * * when the order appealed from makes the allowance payable in weekly or monthly installments, and no installment is sufficient in amount to give this court jurisdiction, and it does not appear what, if anything, has been paid or will be paid plainly, to take jurisdiction at all we must do so upon the theory that a sufficient number of installments have been or will be paid to make an amount sufficient to give this court jurisdiction, and this we are not inclined to do. * * *"

In the Noble case the wife was granted $30 per month alimony and two months thereafter the award was reduced to $25 per month on motion of the husband. From that order an appeal was taken to this Court. In dismissing the appeal we said:

"Counting from the date of judgment to the present time, the amount involved is much less than that required to give this court jurisdiction."

While the factual situations in the Littleton and Noble cases are not identical with that in the case before us, the same principle is involved. The question now before us is the right to have the payments for a child's maintenance increased from $50 to $100 per month. It is a type of case where the duty involved can not be readily translated into a monetary value. While the payment of money is involved, the real issue concerns the right to have the payments increased. We are of the opinion that this is a right, the adjudication of which should be reviewable by this Court. The cases of Littleton v. Littleton, 295 Ky. 720, 175 S.W.2d 502, and Noble v. Noble,

310 Ky. 726, 221 S.W.2d 654, are overruled insofar as they prohibit an appeal from an order or judgment awarding or denying installment payments of alimony or maintenance.

 Milburn contends also that the appeal should have been dismissed because the transcript of record was filed more than 60 days after the notice of appeal was filed. His motion to that effect was overruled also. The record discloses that an order was entered by the lower court extending the time for filing the record to October 7, 1954. The record was filed September 13, 1954, clearly within the required time as extended.

Judgment affirmed.