Faye E. McFARLAND, Appellant,

v.

A. R. McFARLAND.

Court of Appeals of Kentucky.

June 17, 1955.

Fritz Krueger, Somerset, R. B. Bertram, Monticello, for appellant.

J. C. Denney, Jr., Monticello, for appellee.

CAMMACK, Judge.

This is an appeal by Faye E. McFarland from a judgment denying her claim for one-half of the profits for a period of several weeks in 1954 allegedly obtained by A. R. McFarland, her husband, from the operation of a business owned by them.

In 1951 the appellant and appellee, as man and wife, began the operation of a business in Pulaski County where they sold live bait and other equipment and supplies to fishermen. They continued to operate the business until May 4, 1954. At that time they separated because of marital difficulties. On July 5, 1954, the appellant was granted a divorce. The property in question was sold pursuant to an order of the court on July 16, 1954.

During the period from May 4 to July 16, the business was in the exclusive control of the appellee. In an effort to determine the profits derived from the operation of the business during that period, the court permitted proof to be introduced on the question. The trial judge entered a judgment stating that he was unable to determine from the proof whether there was a profit or loss and entered judgment denying the appellant's claim.

The appellant introduced a profit and loss statement of the business for the period of May 5, 1953 to July 16, 1953, which showed a net profit of $6,998.12. The appellee submitted a financial statement of an auditor covering the period from May 5, 1954, to July 15, 1954, which showed a net loss of $2,051.53 in the operation of the business.

Since the adoption of the present Rules of Civil Procedure we have written many times that in a case tried upon its facts without a jury, findings of fact of the trial judge will not be set aside unless

they are clearly erroneous. CR 52.01; Stone v. Stone, Ky., 275 S.W.2d 910; Keesee v. Maynard, Ky., 275 S.W.2d 921. We think there was sufficient proof to support the judgment under consideration.

Judgment affirmed.