Davis v. Davis.

CASE 6—PETITION EQUITY—JUNE 16.

# Davis v. Davis.

APPEAL FROM BOYD CIRCUIT COURT.

1 DIVORCE AND ALIMONY.—Where a judgment of divorce has been improperly granted to the husband instead of to the wife, although that judgment cannot be reversed, the wife can not be deprived of alimony, simply because the divorce was not "obtained by her," as should have been the case.

2. SAME.—Where the husband, having children by a former marriage, compels the wife, as a condition of living with him, to expose herself and children to a moral pestilence by allowing his own daughters to continue, as members of his family, to be guilty of fornication, such treatment is, in the true meaning of the statute, "behaving towards her in such cruel, inhuman manner, as to destroy permanently her peace or happiness," if she be a chaste woman, and entitles her to a divorce on that ground, even if it may not be regarded as amounting to abandonment on the part of the husband. And where the wife leaves the home of the husband under such circumstances it can not be regarded as abandonment on her part, so as to entitle him to a divorce.

R. C. BURNS FOR APPELLANT.

1. If the husband, by his improper conduct towards his wife, drives her from his home, or by improper conduct or deportment renders his house unfit for her residence, and she thereupon removes and lives apart from him, the law will hold him bound to maintain her as his wife, notwithstanding her constrained separation from him. (Schrock v. Schrock, 4 Bush, 684.)

The court in this case should have required an issue upon the wife's excuse for leaving her husband's home. (4 Bush, 685; Cravens v. Cravens, 4 Bush, 435.)

2. The facts tend to show that the husband consented to the separation, and if he did so, the wife is entitled to her action for alimony. (Gaines v. Gaines, 9 B. M., 295.)

3. Where the wife is not in fault, or the husband treats her with cruelty, and compels her to leave him, she has a right to an independent action against him for alimony without regard to a divorce. And if the domicile of the husband should not be the domicile of the wife, the provisions of section 423 of the Code as to residence do not apply to the action for alimony. (Hulett v. Hulett, 80 Ky., 364.)

PRICHARD & COBB FOR APPELLEE.

1. It is only where the wife is without fault and a divorce has been obtained by her that she is entitled to alimony. (Gen. Stats., chap. 52, art. 3, sec. 6; 3 Bush, 227.)

2. The court did not err in striking the redundant matter from appellant's pleading. (Civil Code, sec. 121.)

3. That part of appellant's answer charging appellee with adulterous conduct was too vague and indefinite, and was, therefore, properly stricken out. "Living in adultery" is essential. (2 J. J. Marsh., 322.)

   The answer was also insufficient in so far as it attempted to assign the second ground mentioned in the statute for which a divorce may be granted to the wife, in that it did not charge that the alleged conduct of the husband was "for not less than six months." (Gen. Stats., chap. 52, art. 3, sec. 1.)

4. Vulgar, profane and boisterous language is not sufficient ground for granting the wife a divorce, unless there are reasonable grounds to believe that her life is endangered. (4 Dana, 308.)

5. Alimony may be allowed where there are not sufficient grounds for a divorce, but not where the wife has abandoned her husband, unless without fault on her part her safety required it. (4 Dana, 309.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee, the husband, instituted this action against his wife, appellant, for judgment of divorce from the bonds of matrimony, upon the alleged ground that a few days more than one year previously she, without any cause, wrongfully abandoned him, leaving his residence, and going to the State of Missouri, where she then resided.

At the first term of the court after the institution of the action appellant, though only constructively summoned, entered her appearance and filed an answer, denying she wrongfully or without cause abandoned the plaintiff. She states that at the time of their marriage appellee sought her in the State of Missouri, where she then resided, and by reason of his representations she was induced to marry him, sell her property

at a sacrifice, and come with him to Kentucky.   That
from the time of their marriage to the separation she
was a faithful and devoted wife, but his conduct was
so vulgar, adulterous and lewd as to render his home
and society unendurable for a decent woman, and he
was, besides, cross, quarrelsome and abusive.   That at
the time of their marriage she had a daughter just
grown, who was virtuous and chaste, and a son about
fourteen years of age, both of whom were dependent
upon her for a support, and that in consideration of
her marrying him, appellee agreed for her two chil-
dren to come to Kentucky and to reside with appel-
lee as members of his family, and they. did do so.
But that appellee had two grown daughters, members
of his family, and so continued until the separation,
each of whom was the mother of a bastard child,
and were lewd women, and that appellee fraudulently
concealed that fact from her.   And she, in substance,
states that she left the residence of appellee to prevent
the contamination of her own children and the blasting
of her daughter's reputation by the association, which
a residence with appellee and his two daughters re-
quired.

Upon motion, the court struck out all that part of
the answer which related to the conduct of appellee
towards her, and the character and conduct of his
daughters.   Subsequently, appellee moved to file two
amended answers, but her motion in each instance was
overruled.

In addition to the allegations contained in the ori-
ginal, she states in the amended answers, substantially,
that after having left the residence of appellee, she sent

messages to him to visit her for the purpose of preparing a home for her apart from his lewd daughters ; but he returned no answer, and thereupon she went to the State of Missouri, having no other place to go.   In the second amended answer, which was made a counter-claim, she states that after their marriage he habitually behaved towards her in such cruel and inhuman manner as to indicate a settled aversion to her, and was so violent and abusive to her as to make her afraid to live with him.   She therein prayed judgment for divorce, and, as was also done in her original answer, asked for alimony.   But the lower court rendered judgment divorcing the parties, and dismissing her counter-claim.

As this court has no power to reverse a judgment for divorce, the only question presented by this appeal for our decision is, whether, assuming the statements made by appellee in her pleadings to be true, she is entitled to alimony.   Section 6, article 3, chapter 52, General Statutes, provides that "if the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that (estate) of her husband as shall be deemed equitable, and be restored to the name she·bore before marriage if she desires it."

Though the judgment rendered is that "the plaintiff, William Davis, and the defendant, Sarah Davis, be, and they are hereby, divorced from the bonds of matrimony as husband and wife," yet it can not be considered literally "a divorce obtained by her."   For her answer and counter-claim were dismissed, and a divorce upon the ground of "abandonment by the one party of the other for one year," by the terms of section 1, same

article, can be granted only "to the party not in fault."
It is true section 2 provides that "a judgment of divorce authorizes either party to marry again." But
such judgment can, for the cause mentioned, be strictly
rendered in favor of but one of the parties. If, however, the allegations made by appellant be true, it
is clear not only that appellee was in fault, and consequently not entitled to the judgment of divorce, but
she was entitled to it, and, as a necessary sequence, also
to alimony.

We have thus an erroneous judgment, which can not
be reversed by this court, nor annulled by the court
which rendered it, except upon the joint application of
the parties, that, nevertheless, if given its full effect,
operates not merely to give appellee a divorce to which,
as the record stands, he was not legally entitled, but
to deprive appellant of alimony to which she was entitled, and that would have followed the judgment which
the court ought to have rendered. For, if it be true,
as alleged by her, that he, after their marriage, habitually behaved towards her in such cruel and inhuman
manner as to indicate a settled aversion to her, a statutory cause for divorce existed, and she was entitled to
a judgment divorcing her from him. And the lower
court ought to have permitted her amended pleadings
filed, and the issue thus tendered to be tried.

Moreover, if it was true, as alleged by her, that his
two daughters had bastard children, and continued as
members of his family to be guilty of fornication, appellee was not only justified, but impelled by considerations that neither moral or municipal law requires to
be disregarded, to leave the house of appellee and take

her daughter and son with her.  For it seems to us that if appellee tolerated the conduct of his daughters, which it is alleged they were continually guilty of, saying nothing about the monstrous and bestial crime indirectly charged against him, her abandonment of him, if, in the meaning of the statute, she did abandon him, was as much the result of his fault as if he had by the actual use of physical force compelled her to fly to save her life.  But we do not understand that the mere act by the wife of leaving or departing from the abode of the husband, or from him, is necessarily abandonment in the statutory sense of the word; nor that he may not himself be guilty of abandonment by compelling her, as a condition of living together, to expose herself and children to a moral pestilence.  But whether such treatment of her by him be regarded as strictly abandonment or not, we are satisfied it is, in the true meaning of the statute, "behaving towards her in such cruel, inhuman manner, as to destroy permanently her peace or happiness" if she be a chaste woman.

The question then arises whether appellant can be deprived of alimony, to which she was as this record is presented to us, entitled, simply because the judgment of divorce was not "obtained by her," as should have been the case, but improperly and illegally obtained by the husband instead of her.

It seems to us, that while a judgment of divorce is not subject to reversal, it was not intended, nor should the statute be construed, so as to permit such judgment to illegally and disastrously affect property rights of either party.

In the case of Hulett v. Hulett, 80 Ky., 364, this

court used the following language : " The marital obli-
gation of the husband imposes upon him the duty of
supporting and maintaining the wife, and in a case
where the husband has abandoned the wife, or where
his treatment of her is such as to compel her to flee to
the parental roof, why, as was said in the case of But-
ler v. Butler, should the chancellor acknowledge the
right and deny the remedy?" The question in that
case was as to the right of the wife to maintain an inde-
pendent action for alimony, without regard to a divorce.
And the following language, used in Butler v. Butler, 4
Litt., 206, was quoted with approval : " The chancellor,
before the statute and since, in cases not embraced by
it, which have strong moral claims, had and has juris-
diction to decree alimony, leaving the matrimonial chain
untouched, and those authorities deciding in favor of
the jurisdiction should prevail."

To deprive the wife of alimony in a case like the
one before us, in our opinion, would be contrary to the
spirit and policy of the law. If, therefore, appellant
left the domicile of appellee for the causes stated by her,
she did what she should be commended for and upheld
in, and the erroneous judgment in favor of appellee
should not operate to deprive her of alimony. The
court, we think, erred in sustaining the motion to
strike from the original as well as in overruling the
motion to file the amended answers.

Judgment is therefore reversed, and cause remanded
for further proceedings consistent with this opinion.