### Johnson v. Johnson.

(Decided November 25, 1911.)

### Appeal from Fayette Circuit Court.

1. Divorce—Abandonment.—The wife may obtain a divorce upon the ground of abandonment although she in fact abandons the home of the husband when it is clearly shown that by his conduct or treatment he creates conditions that prevent the wife from living with him in decency, comfort and peace.

2. Husband and Wife—Support of Children by Former Marriage.—When a man marries a woman who has young children by a former husband, it is his duty to provide for them a home and behave towards them in a becoming manner, and it is likewise the duty of the children to treat him with respect.

W. C. G. HOBBS for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Appellant brought this suit for divorce on the ground of abandonment. The lower court dismissed the petition and she appeals.

The evidence shows that the parties were married in March, 1907, and that they separated in December, 1908. At the time of their separation the appellant was about sixty and the appellee about seventy years of age. Both of them had been previously married. The appellant had a daughter about fifteen years old when she married the appellee. At the time of their marriage, and separation, they lived in Rockcastle County, Kentucky, and when they separated the appellant moved to Fayette county and made her home with some of her older children. The only evidence showing why these people separated is that of W. L. Cash, who testified as follows:

"Q. Do you know what caused the plaintiff and defendant to separate?"

"A. Why, this girl, and the way she talked to this old man."

"Q. Which girl do you mean?"

"A. I mean this old lady's girl."

"Q. What did the defendant say about that?"

"A. Well, he said he would not keep them both."

"Q. Did he or not tell the plaintiff that if she wanted to keep the girl there that she would have to leave and go away herself?"

"A. Yes, I think he told her that."

"Q. Did she go away after that?"

"A. Yes, sir."

"Q. Was this girl a daughter of the plaintiff, Nancy J. Johnson?"

"A. Yes, sir."

"Q. About how old was she?"

"A. Well, I expect she is fifteen or sixteen years old."

The statute provides that a divorce may be granted to the party not in fault upon the ground of "abandonment by one party of the other for one year." Here, the husband was abandoned by the wife, although the wife is suing the husband upon the ground that he abandoned her. The wife, however, may obtain a divorce upon the ground of abandonment although she in fact abandons the home of her husband and refuses longer to live with him, when it is clearly shown that by his conduct or treatment he creates conditions that prevent the wife from living with him in decency, comfort and peace. When the behavior of the husband towards the wife is such that she cannot live with him, her abandonment of his home will be treated as a statutory abandonment by him; and upon this theory, the wife, if the evidence justified it, may secure a divorce upon the ground of abandonment. Davis v. Davis, 86 Ky., 42; Warner v. Warner, 54 Mich., 492; Starke v. Starke, 21 N. J. Eq., 135; Leavering v. Leavering, 16 Md., 213.

We do not think, however, that the evidence quoted is sufficient to authorize us in holding that the husband was guilty of such conduct as justified the wife in leaving his home. Although the appellee had the right to insist that her young daughter should live with her, and it was the duty of the husband to provide for her a home and behave towards her in a becoming manner, it was likewise the duty of the daughter to treat the husband with the respect that his age and relation to her mother re-

quired. Whether it was the fault of the girl, or the fault of the husband, that brought about the conditions that resulted in the wife leaving is not made clear by the evidence. Perhaps the husband was not to blame for what he said. His action may have been justified by the conduct of the girl. A girl fifteen years old, if so disposed, can make herself very disagreeable. If the wife wished to maintain this action on the ground of abandonment, she should have made out a better case.

Wherefore, the judgment is affirmed.