## Williamson v. Williamson..

(Decided February 28, 1919.)

### Appeal from Pike Circuit Court.

1. **Divorce—Abandonment—Alimony.**—An action may be maintained by the wife for alimony independent of a suit for divorce, if the husband has abandoned her or treated her in such a cruel and inhuman manner as to force her to leave him, and she is without fault.

2. **Divorce—Pleading.**—In such action it is unnecessary to aver in the petition that cause for divorce had occurred or existed in this state within five years, as required in suits for divorce by section 423 of the Civil Code and section 2120, Ky. Stats.

3. **Divorce—Alimony.**—Such an action is transitory except as localized by section 76 of the Code to the county of the wife's residence, but over which any court having jurisdiction of the subject matter may acquire jurisdiction of the defendant where he is summoned or voluntarily appears and makes defense.

4. **Divorce—Cruel and Inhuman Treatment.**—Refusal of the husband to permit wife's children of tender years by a former marriage to remain in his home, under circumstances of this case, is such cruel treatment of the wife as justified her leaving him without forfeiture of her right to alimony.

5. **Divorce—Alimony.**—While allowance of $1,000.00 as alimony to wife without fault for abandonment of husband who owns property of $8,000.00 or more would be too small under ordinary circumstances, it is not so under peculiar circumstances of this case.

J. C. CANTRILL for appellant.

CLINE & STEELE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the defendant from a judgment granting to his wife, a divorce, the custody of their infant child and "the sum of $1,500.00 alimony, $1,000.00 for herself, and $500.00 for the use of their infant child."

The petition did not state a cause of action for a divorce (nor was one asked), because it failed to state as required by section 423 of the Civil Code of Practice, and section 2120 of the statutes, that the cause of action occurred or existed in this state, within five years next before the commencement of the action, but complaint is not made of the judgment for divorce, of which we have

no revisory jurisdiction. It is, however, insisted that because the petition does not state a cause for divorce, the court erred in awarding alimony, it being the contention of counsel for appellant that alimony can not be granted, except in a suit and as a part of a judgment for divorce, and we are referred to a statement to that effect in Freeman v. Freeman, 13 S. W. 246; but such is no longer, if ever, the rule in this state, as a suit for alimony may be maintained independent of and without regard to a divorce, where the husband treats the wife with cruelty, and compels her to leave him (Hulet v. Hulet, 80 Ky. 364) and, although the abandonment may not have continued long enough to entitle her to a divorce. Steele v. Steele, 96, Ky. 382; Belcher v. Belcher, 145 Ky. 309; 140 S. W. 309.

Since an independent suit may be maintained for alimony in the absence of grounds for divorce, it is manifest that the Code and statutory provisions referred to above have no application to an action for alimony, and in such an action it is not necessary to give the court jurisdiction or for any purpose that there should be an allegation that a cause for divorce had occurred or existed within this state and within five years next before the action was commenced; and it is necessary only to allege the marriage and facts showing an abandonment by the husband without fault upon the part of the wife, to state a cause for alimony.

It is purely an action *in personam* for the recovery of money, and therefore transitory, except as localized by section 76 of the Code of Practice "to subserve the convenience and possibly the interest of the wife," but over which any court having jurisdiction of the subject-matter may acquire jurisdiction of the defendant, when he is summoned to answer, or voluntarily appears, and makes defense; (Johnson v. Johnson, 12 Bush, 485; Tudor v. Tudor, 101 Ky. 530, 41 S. W. 768; Gillen v. I. C. R. Co., 137 Ky. 375, 125 S. W 1047); hence, there is no merit in the contention that because of the failure to make the allegations required in an action for divorce, the court was without jurisdiction of the subject-matter or the parties, and without power to award such alimony as the proof warranted.

2. The proof shows that the parties were married in West Virginia in 1912, and that in 1913 the plaintiff left the home of the defendant in West Virginia, and

returned to her former home in Pike county, Kentucky, where she has since continuously resided; that she has no property of any kind, except one cow, and that the defendant has property of the value of $8,000.00 at least, that their marriage was the second for each, and purely a marriage of convenience, devoid of any sentiment whatever. At the time, plaintiff was a widow with two infant children of tender years, whom the defendant agreed should have a home with their mother in his home, and that he would provide for them.

To sustain her charge that she was compelled to and did leave the defendant because of his cruel and inhuman treatment of her (which is an abandonment by him, Davis v. Davis, 86 Ky. 32, 4 S. W. 822) she testified that shortly after their marriage he began to manifest an aversion toward her children and treated them unkindly; that just before she left him he informed her that he would not continue to live with her unless she got rid of her children, which evidence appellant insists should have been excluded; but even if it were excluded, practically the same facts are proven by two witnesses for the plaintiff, Anse Blackburn and Acy Hensley, who testified that the defendant told them about the time plaintiff left him, that he had a home for her, but none for her children. Mrs. Harriet Blackburn stated that she never saw him mistreat his wife or his children, but that he pouted around and would not speak to her. The defendant does not contradict any of this testimony, nor testify at all on his own behalf, and this is about all the testimony in the case, except as to the value of defendant's property, and the evidence of neighbors that they never saw the defendant mistreat the plaintiff, and that so far as they knew or could see, he provided for her and her children a good home.

It would be hard to conceive of treatment that would be more cruel and inhuman by a husband toward a wife than the offer to live with her and give her a home only upon condition that she would get rid of her infant children by a former marriage, whom he knew were entirely dependent upon her when he married her, and agreed she might bring with her to his home; and that the defendant did this, and forced the plaintiff to leave his home, he does not even deny. The testimony therefore amply justified the chancellor in requiring the defendant to pay to plaintiff a reasonable alimony for herself, and

to provide a reasonable sum for the support of their infant child. The evidence shows that the defendant has a large farm and considerable personal property worth at least $8,000.00, and probably more, and the alimony awarded was not only not excessive in amount, but under ordinary circumstances would have been entirely too little.

But the facts in this case are peculiar, and as the alimony to be allowed must always depend upon the circumstances of any particular case (Burns v. Burns, 173 Ky. 105), we have concluded that the amount allowed by the chancellor here should not be disturbed upon the ground of its insufficiency, as we are urged to do by appellee on the cross-appeal. The peculiar circumstances to which we refer, and which we regard as sufficient to sustain the judgment, are that this marriage was one purely of convenience, arranged by a go-between, without profession of love upon either side; the defendant has six or seven children by his first marriage, and plaintiff lived with him as his wife for only a few months, and under these circumstances, we do not feel justified in disturbing the chancellor's finding.

Quite an argument in justification of the defendant's action, assuming he did refuse a home to his wife's children by her former marriage, is based upon the proposition that the defendant was under no legal obligation to support his stepchildren, and quite a number of authorities from other jurisdictions are cited in support of the legal proposition, but we do not deem it necessary for the purposes of this case, to consider the question, because it is not involved here. Assuming that he was not liable for their support, we are nevertheless convinced their mother was justified in leaving her husband upon the ground of cruel and inhuman treatment, when he made it a condition to a continuation of their marital relations that she must put her children out of his home.

Another ground for reversal relied upon, is the fact that this court in Stepp v. Stepp, 178 Ky. 337, and many other cases, has stated that although a judgment for divorce improperly granted to the wife can not be disturbed, the evidence will be examined to see whether the judgment was authorized under the proof, and if not, a judgment for alimony will be reversed. But this statement was made where the grounds for alimony and di-

vorce were the same, and upon a trial of both questions upon their merits and without reference to the requirements of the Code, that a petition for divorce shall state that the cause had occurred or existed within the state and within five years before the commencement of the action, which, as we have seen, is not required to be stated in an action for alimony; hence such cases are without applicability here, where facts were pleaded and proved, which authorized a judgment for alimony, although they were insufficient to constitute a cause for divorce.

Wherefore, the judgment is affirmed upon both the original and the cross appeal.