## Anna May Ball v. Jesse B. Ball.

(Decided December 17, 1926.)

### Appeal from Boyd Circuit Court.

1.   Divorce—Where Grounds were Not Sufficient for Divorce, but Circumstances were Such that Couple Could Not Live Happily Together, Divorce from Bed and Board Should be Decreed (Ky. Stats., Section 2121).—Where wife filed petition for divorce, and defendant filed counterclaim, and grounds were trivial, but merely suspicious circumstances were magnified and intensified by grounds alleged and attempted to be proved, so that couple could

not live happily together, they were entitled to divorce from bed
and board, under Ky. Stats., section 2121.

2.  Divorce—Allowance of $150.00 to Wife in Divorce Action for At-
torney's Fees Held Reasonable.—Judgment dismissing divorce ac-
tion, allowing $150.00 to wife for attorney's fees, held to be reason-
able.

S. S. WILLIS for appellant.

H. R. DYSARD and DYSARD & MILLER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

This action was instituted by appellant, Anna May
Ball, against her husband, Jesse B. Ball, for divorce,
custody of their two infant children, alimony and main-
tenance for the children.  Appellee denied her right to
the relief sought, and by way of counterclaim sought to
be divorced from her upon grounds alleged.  A large vol-
ume of evidence was taken by the parties, and, upon the
trial below, the chancellor concluded that neither was
entitled to the relief sought and dismissed both the peti-
tion and counterclaim.  As the parties were living sep-
arate and apart custody of the two infant children was
awarded to appellant, appellee being given the right to
see them at all reasonable times, and he was adjudged to
pay to appellant $30.00 per month for the support of the
two children.  She has prosecuted the appeal from that
judgment.

The court's careful consideration of the evidence in-
troduced by the respective parties in support of their
contentions that they should be divorced upon the
grounds pleaded has led to the same conclusion as that
reached by the chancellor, trivial, and at most merely
suspicious circumstances and incidents having been mag-
nified by the parties far beyond reason.  When the sit-
uation of this young couple is considered, however, in
the light of these circumstances which have been so mag-
nified and further intensified by the respective grounds
for divorce alleged in the petition and counterclaim, and
their attempts to sustain them by proof herein, we have
concluded that they doubtless can not live together as
husband and wife in the peace and happiness that should
attend such a union.  We have concluded that under the
provisions of section 2121, Kentucky Statutes, the chan-

cellor should have entered a judgment divorcing them from bed and board and should have required appellee to pay to appellant a reasonable amount for the support of herself and their two infant children. Our consideration of this record has led to the conclusion that in that way only can the respective rights and liabilities of the parties be protected and enforced. At the time they separated appellant and appellee were living in a home which he had purchased on the installment plan, and he appears to have furnished it altogether suitably so that the home and its furnishings were the equal if not superior to that of persons generally of their station in life. Since the separation she and their children appear to have continued to reside there. That is proper under all the circumstances. Appellee appears to be earning $175.00 to $200.00 per month, under his employment by the C. & O. Railway Company. Under the plan whereby he purchased his home he is required to pay $57.50 per month on it. By affidavits filed in support of appellant's motion for an allowance pending the appeal, it appears that perhaps he has defaulted in the monthly payments and that perhaps the home will be sacrificed under an action to collect the balance due on it under the purchase money lien. Upon the return of this case, if no steps have been taken to sell the house and lot owned by appellee, it should be adjudged that she and their two children may occupy it, and that appellee pay to appellant the sum of $60.00 per month for the support and maintenance of herself and their children. In the event the home has been sacrificed by appellee's failure to make payments the allowance will be increased to $85.00 per month. Appellee should be given the privilege of seeing his children at reasonable times, and the chancellor should retain jurisdiction of the case to alter these orders to meet any change in the condition of the parties that may develop; and if appellee is unable to visit his children at their home at reasonable times without friction and unpleasantness the judgment should specifically set forth the occasions when and places where he may be with them. The judgment allowing $150.00 to appellant for attorney's fees appears to the court to be reasonable.

For the reasons indicated the judgment herein is reversed and the cause remanded, with directions that a judgment in conformity herewith be entered.