## Reynolds v. Reynolds.

(Decided May 22, 1928.)

Appeal from Rockcastle Circuit Court.

1. Divorce.—In wife's suit for divorce, husand's counterclaim alleging abandonment failed, under Ky. Stats., sec. 2117, to state a cause of action, where it did not show that the alleged abandonment had continued for one year at the time the pleading was filed.

2. Divorce.—Husband's statement that things told him about his wife looked suspicious held not a sufficient charge of unchastity as to be cruel and inhuman treatment within statute permitting divorce for such treatment.

3. Divorce.—Where husband ordered his wife to leave him and she left in obedience to his request, husband's act constituted an

abandonment of wife by husband within meaning of divorce
statute.

4. Divorce.—Where, on wife's suit for divorce and husband's counter-
claim therefor, grounds were not sufficient for the granting of a
divorce but the circumstances were shown to be such that the
couple could not live happily together, it was the duty of the court
to grant a divorce from bed and board under Ky. Stats., sec. 2121,
as to cause deemed by court sufficient.

B. J. BETHURUM for appellant.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This is an action for divorce and alimony. J. H.
Reynolds and Cordie Reynolds were married on February 4, 1926, and lived together until June 5, 1926, when
he sent her away. On October 8, 1926, Cordie Reynolds
instituted this action against her husband for divorce
and alimony, on the grounds of cruel beating and injury
of the wife to such an extent as to indicate an outrageous
temper in him, and that he had a confirmed habit of
drunkenness, accompanied with a wasting of his estate,
without suitable provision for his wife. There were
other allegations of cruel and inhuman treatment, and
divers acts of adultery, with women not named, but
neither of these allegations is sufficient to conform to the
statute in respect to these grounds, and require no consideration.

J. H. Reynolds filed an answer and counterclaim, in
the first paragraph of which he denied the allegations of
the petition and in a second paragraph set up claim for
divorce on the ground of abandonment. But the counter-
claim failed to state a cause of action, as the alleged aban-
donment occurred on June 5, 1926, and had not continued
for one year at the time the pleading was filed. Ky.
Stats., sec. 2117. An allowance of $10 per month pen-
dente lite was made the plaintiff, and the defendant was
directed to pay the costs of preparing the case. After
submission, but before judgment, the plaintiff moved the
court to set aside the order of submission and permit
her to file an amended petition to conform to the proof.
The court refused to allow the amendment, but made it
a part of the record. It set forth that the defendant had
for not less than six months habitually behaved towards
the plaintiff in such a cruel and inhuman manner as to
indicate a settled aversion to her and to destroy perma-

nently her peace and happiness. The court rendered judgment refusing relief to either litigant, and the plaintiff has appealed.

Considerable testimony was taken, but it need not be recited, as that would serve no useful purpose. In most respects the testimony is trivial on both sides. The plaintiff failed to sustain any of the charges against the defendant. It was not proven that he ever beat his wife cruelly or otherwise, or ever attempted to injure her. While he was not a teetotaler, his drinking was only occasional, and he did not have a confirmed habit of drunkenness. Appellant argues that appellee made unfounded charges against appellant's chastity, which was cruel and inhuman treatment under our decisions. Smith v. Smith, 181 Ky. 55, 203 S. W. 884; Jones v. Jones, 205 Ky. 538, 266 S. W. 48; Johnson v. Johnson, 183 Ky. 421, 209 S. W. 385; Nichols v. Nichols, 189 Ky. 500, 225 S. W. 147; Logan v. Logan, 171 Ky. 115, 188 S. W. 301.

But neither in the pleading of appellee, nor in the evidence adduced, do we find that he ever made any such charges. The most he ever said was that things told him about his wife looked suspicious. He failed to stand by his wife as a husband should, and listened to irresponsible gossip, but it does not appear that he ever actually made any accusations against her. The evidence for the defendant equally failed to show that the plaintiff abandoned him or was in any way to blame for the separation. The defendant ordered his wife to leave, and she left in obedience to his request. This constitutes an abandonment of the wife by the husband within the meaning of our statute. Watkins v. Watkins, 202 Ky. 141, 259 S. W. 20; Steele v. Steele, 96 Ky. 382, 29 S. W. 17, 16 Ky. Law Rep. 517; Hill v. Hill, 203 Ky. 182, 261 S. W. 1115.

The appellant had not failed in any respect shown by the evidence to perform her duties as wife. The husband had no just ground to complain of any conduct of his wife, and the reasons he gave for ordering her to go home were wholly insufficient to justify his action. They were false and frivolous, and the husband acted hastily and unwisely. As no ground for divorce was established, the court did right in dismissing both the petition and the counterclaim, as to that matter, but the plaintiff was still the wife of the defendant and was not to blame for the separation. She was sent away without her fault. It was therefore the duty of the husband to support her, and he was not justified in repudiating his obligation in

that respect. Section 2121, Kentucky Statutes, provides that judgment for separation or divorce from bed and board may be rendered for any of the causes which allow a divorce, or for such other cause as the court in its discretion may deem sufficient. Under this statute the circuit court should have granted to the wife a divorce from bed and board because of the action of her husband in sending her away and refusing to support her. Turner v. Turner, 211 Ky. 7, 276 S. W. 967; Hill v. Hill, supra.

The defendant is a telegraph operator and the proof is conflicting as to his earning capacity. It is sufficient, however, to warrant the court in allowing the plaintiff at least $30 per month until the further orders of the court, which should be done, but the lower court should retain control of the action so that equity may be done at any time the situation of the parties may change, and application to that end may be made to the court. Ball v. Ball, 217 Ky. 337, 289 S. W. 259.

There is no reason apparent in this record why these young people should not reconcile their differences and resume marital relations. By mutual respect and kindness and an earnest effort to do right they could yet restore the happy prospects that opened before them when they assumed the sacred vows to love, cherish, and serve each other so long as they both should live. That is the path of duty, and by pursuing it the parties will realize a happiness not otherwise attainable. If they persist in refusing a course so obviously right the responsibility for the consequences, whatever they may be, must rest with them.

The judgment is reversed for proceedings in accordance with this opinion.