## McGaughey v. McGaughey.

(Decided October 22, 1929.)

HUBERT SIRLES for appellant.

HAGAN & MIX for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Gladys McGaughey sued her husband, Kenneth K. McGaughey, for divorce. The ground on which it was sought in the original petition was habitually behaving

toward her by him for not less than six months in such cruel and inhuman manner as to indicate a settled aversion to her, or to destroy her peace and happiness. Later on she filed an amended petition, alleging abandonment for one year without fault on her part. The chancellor refused her a divorce, on the ground that the proof failed to show cruel treatment for a period of six months. She appeals.

At the time of their separation the parties had been married for about five years, and were living in Old Alton. He was running a garage, and also a creamery, in the conduct of which appellant assisted. According to her evidence, he threatened to kill her, tried to choke her on three or four occasions, and just before she left struck her with his fist, resulting in her lips being swollen. All this occurred within two months prior to their separation. Thereupon she left him, and appellee told her that she should never darken his door again. As to the bruises on her lips, she is corroborated by her mother and brother, though her father claims not to have noticed her condition. On the other hand, appellee denied that he ever threatened to kill appellant, or that he ever choked or struck her, or attempted to do so. Though he claims to have made overtures of reconciliation, and to have asked her and their infant son to return, he did not evince any desire for their return when he testified. The record further discloses that appellee made no provision for his wife and child after their departure, and that a rule had to be resorted to, to compel the payment of the allowance of temporary alimony and maintenance.

As the cruel treatment complained of by appellant all occurred within two months before their separation, and therefore did not last for a period of six months, it is clear that the chancellor did not err in refusing the divorce on account of cruel and inhuman treatment. However, had the charge of abandonment been brought to the attention of the chancellor, we doubt not that he would have reached a different conclusion. A careful review of the record convinces us that appellee's conduct towards appellant just prior to her departure was far from what it should have been, and we are inclined to the view that her evidence that he struck her and told her not to come back again is sufficiently corroborated by other evidence, as well as his subsequent conduct, to justify the conclusion that she was telling the truth. Though it be true that she is the one who left, yet, if it be true, as we have held,

that he struck appellant, and thereby caused her to leave, the abandonment was by him and not by her. Reynolds v. Reynolds, 224 Ky. 668, 6 S. W. (2d) 1078; Johnson v. Johnson, 145 Ky. 488, 140 S. W. 656; Mayes v. Mayes (Ky.) 115 S. W. 717; Davis v. Davis, 86 Ky. 32, 4 S. W. 822, 9 Ky. Law Rep. 300.

In the circumstances, we conclude that appellant was entitled to a divorce on the ground of abandonment. We also conclude that for the present appellee should pay appellant $25 a month for the support and maintenance of herself and their infant child.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.