# Compton v. Compton.

(Decided Nov. 15, 1932.)

RUSSELL VANOVER for appellant.
ROSCOE VANOVER, Jr. for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment denying appellant, Frank Compton, a divorce from his wife, Lucy Compton.

The ground on which a divorce was sought was that the wife had been convicted of a felony (her third violation of the National Prohibition Act [27 USCA]), and given a two-year sentence in the United States prison at Alderson, W. Va. She was proceeded against as a non-resident and on proper affidavit a warning order was issued and a regular practicing attorney of the court was appointed to inform her of the nature and pendency of the action. Thereafter the warning order attorney filed his report stating that he had written to the defendant at the United States Reformatory at Alderson, W. Va., had received no answer, and that his letter, although the address was printed on the envelope, was not returned, and that he had examined the petition, and was unable to make any affirmative defense. Thereafter, on notice to the warning order attorney, depositions were taken showing that the wife on her trial at Catlettsburg in the United States District Court for the Eastern District of Kentucky pleaded guilty to a felony and was sentenced to the Federal Industrial Institution for Women at Alderson, W. Va., for a full term of two years, and the marshal was directed to deliver her to the warden of said penitentiary.

No brief has been filed on behalf of the wife, but we are advised by appellant's brief that the ground on

which a divorce was denied was that appellant failed to allege and prove that he was not in fault. At first blush it would appear that the position taken by the court was a novel one, but when we turn to the statute (section 2117) authorizing a divorce for ''condemnation for felony in or out of this state,'' we find it reads in part as follows:

"Also to the party not in fault, for the following causes:

"1. Abandonment by one party or the other for one year.

"2. Living in adultery with another man or woman.

"3. Condemnation for felony in or out of this state.

"4. Concealment from the other party of any loathsome disease existing at the time of marriage, or contracting such afterward.

"5. Force, duress or fraud in obtaining the marriage.

"6. Uniting with any religious society whose creed and rules require a renunciation of the marriage covenant, or forbid husband and wife from cohabiting."

The construction of the statute has usually been before us in cases where a divorce was sought on the ground of abandonment for one year, and the uniform ruling has been that one seeking a divorce on that ground must allege and prove that the abandonment was without fault on his part. Epling v. Epling, 1 Bush, 74; Davis v. Davis, 86 Ky. 32, 4 S. W. 822, 9 Ky. Law Rep. 300; Adair v. Adair (Ky.) 104 S. W. 365, 31 Ky. Law Rep. 956; Carter v. Carter, 140 Ky. 228, 130 S. W. 1102; Lewis v. Lewis, 205 Ky. 500, 266 S. W. 16; Alexander v. Alexander, 226 Ky. 243, 10 S. W. (2d) 828. As condemnation for felony in or out of this state falls within the same category, and is a ground for divorce only ''to the party not in fault,'' the only alternative is to follow the statute and apply the same rule as in abandonment cases; that is, that the party seeking a divorce on the ground of condemnation for felony must allege and prove that he or she was not in fault. This

does not mean that plaintiff must allege and prove that he was not in the penitentiary, as the statute does not use the words "in like fault" as it does concerning other grounds of divorce, but he should allege and prove facts showing that he did not aid, counsel, advise, encourage, or otherwise participate in the commission of the felony for which the defendant was condemned.

It follows that the ruling of the chancellor was correct.

Judgment affirmed.