## Nall v. Nall.

(Decided Oct. 31, 1933.)

CHENAULT HUGUELY and B. J. BETHURUM for appellant.

W. B. MORROW for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Clara S. Nall filed this action against her husband, Hunter Nall, seeking an absolute divorce and alimony pendente lite and permanent. Her grounds are "that without any or like fault, on her part, the defendant, Hunter Nall, has within the last five years had a confirmed habit of drunkenness for not less than one year's duration, accompanied with the wasting of his estate, and without any suitable provision for the maintenance of the plaintiff; and that defendant has habitually behaved toward plaintiff, for not less than six months in such a cruel and inhuman manner as to indicate a settled aversion to her, and to destroy permanently her peace and happiness."

He denied these allegations by his answer. A reply and rejoinder were filed alleging collateral and immaterial facts. A judgment was entered dismissing her petition, but required the husband to pay the costs, and an allowance to her attorney of $200.

She is complaining that the judgment is contrary to the evidence. She presents Reynolds v. Reynolds, 224 Ky. 668, 6 S. W. (2d) 1078; Hill v. Hill, 239 Ky. 749, 40 S. W. (2d) 367; Gowdy v. Gowdy, 230 Ky. 545, 20 S. W. (2d) 170; McClintock v. McClintock, 147 Ky. 409, 144 S. W. 68, 39 L. R. A. (N. S.) 1127; Shuck v. Shuck, 7 Bush, 307; and McKay v. McKay, 18 B. Mon. 8, as illustrative of the principles applicable and controlling. She asserts that on the proven facts they entitle her to the relief sought.

In Reynolds v. Reynolds, the husband ordered his wife to leave home, which she did in obedience to his request. It was held that his act constituted an abandonment within the meaning of the divorce statute, and that under it the circuit court should have granted the wife a divorce from bed and board, because her husband sent her away and refused to support her. Turner v. Turner, 211 Ky. 7, 276 S. W. 967; Hill v. Hill, 203 Ky. 182, 261 S. W. 1115.

In Hill v. Hill, it was held that a "deserter" of a matrimonial home is one who by words, conduct, demeanor, and attitude produced intolerable conditions which forced the other spouse to withdraw from the habitation to a more peaceable one, and that where the husband in this manner deserted his wife, without justification, entitled her to a divorce.

In Gowdy v. Gowdy, it was written that the term "cruel treatment" as it is used in section 2117, Ky. Statutes, is not confined to acts of personal violence, but includes mental anguish and wounded feelings constantly aggravated by repeated acts of negligence.

It was held therein that the wife who has been made to suffer mental anguish from wounded feelings and willful neglect was entitled to the same relief as though her body had been bruised by acts of personal violence.

In McClintock v. McClintock, the husband was domineering and dictatorial in the treatment of his wife and oblivious to her comfort and pleasure and things

that she needed for her support and maintenance. The wife was decreed a divorce from bed and board, though the ground for absolute divorce was not authorized by the evidence.

In Shuck v. Shuck, the husband's mental and physical faculties were his only asset. He was a confirmed drunkard of not less than one year, and had wasted his estate without any suitable provision for the maintenance of his wife and children. It was held that such facts authorized a divorce to the wife and a provision for the maintenance of her children.

In McKay v. McKay the husband had no estate. The wife had depended for years upon the labor of herself and children for support, for whom he made no suitable provision for maintenance. It was held that the words " 'wasting of his estate,' * * * embrace and apply to a man's health, time, and labor, where he has no property, which being necessary for the support of his family, are essentially his estate,'' and that on proof that he had been a confirmed drunkard for several years entitled the wife to an absolute divorce and maintenance.

Applying the familiar principles stated in those cases, and many others of like import, to the proven facts, we are not convinced that the evidence in the present case brings it within them. We have read the evidence with diligence and earnestness, and without detailing it, as to do so would serve no good purpose, it is fair to say that Mrs. Nall utterly fails to prove her grounds of divorce or either of them. The evidence bearing on the question of the husband's drinking falls far short of showing that he had a confirmed habit of drunkenness of not less than one year's duration. Nor does it show any wasting of estate or that he failed to provide suitably for, or maintain, his wife.

It is a familiar rule of this court to give weight to the judgment of the chancellor in such cases, but on an examination of the evidence for ourselves, we are convinced that it supports the judgment. Axton v. Axton, 182 Ky. 286, 206 S. W. 480; Hill v. Hill, 151 Ky. 177, 151 S. W. 1183.

''The court will not reverse the finding of the chancellor refusing a divorce [either absolute or from bed and board] on doubtful evidence especially where the weight of the evidence tends to show that neither of the

128

parties was without fault." Hill v. Hill, 151 Ky. 177, 151 S. W. 1183.

The proof shows that the parties to this action are most excellent people, of finest character. The husband is an honored and successful employee of the railroad company. His wife is a lady of culture and refinement. She entertains an inveterate hatred for the drinking of liquor. The husband, not excessively nor unreasonably, but occasionally, enjoys a drink with his associates and companions, which in no wise interferes with his work, or in his affection, caring for, or the maintenance of his wife.

The evidence does not establish habits in this respect, justifying his wife leaving him. After she left, he offered through her attorney to accept and receive her as his wife and live with her if she would return to their home, which she declined to do. No sufficient reason is shown by the record, or pointed out in her brief, warranting a reversal.

Judgment affirmed.