### Elam v. Elam.

(Decided March 12, 1935.)

WAUGH & HOWERTON for appellant.

C. H. BRUCE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

In an action of Gertrude Elam against her husband
Ed Elam, for divorce and alimony in the Greenup cir-
cuit court, the court, after hearing the evidence, has
adjudged that her petition be dismissed and that she
recover nothing thereby except her costs and attorney
fees, and she is appealing.

In her petition appellant alleged that appellee has
behaved toward her in such cruel and inhuman manner
as to indicate a settled aversion to her and to destroy
permanently her peace and happiness; that on Decem-
ber 1, 1931, he told her that she was no longer his wife
and from that date has refused to live with her and has
failed and refused to furnish her any means of support,
all without any fault or like fault upon her part; that
prior to their separation he took her to the home of his
mother, and thereafter his mother's behavior toward
her was so cruel and unbearable that she repeatedly
requested him to take her to some other place to live,
but that he failed and refused to do so, although he
owns a house to which he could have taken her. She
further alleged that she has no property, estate, or
income; that appellee is abundantly able to provide ali-
mony and maintenance; that he owned real estate and
considerable property.

In addition to a general denial of the allegations
of the petition, appellee in a second paragraph of his
answer alleged that appellant was a woman of ungov-
ernable temper, hard to get along with, and extremely
jealous of him without cause or provocation; that in
1931 his health became greatly impaired and plaintiff

became more militant toward him, continuously sought a separation from him, and in March, 1932, abandoned him, leaving the home where they lived, taking with her live stock, household furniture, and effects, and remained away for about a month, after which she returned and was received and treated kindly by him; that on October 13, 1932, she, without cause, again abandoned him, and has never returned or manifested any interest in him or in their home; that she is privileged to return at any time she may desire and will receive support and kindly treatment from him.

The issues were completed by a reply. Both appellant and appellee testified, and each of them also introduced a number of other witnesses. Appellant testified to a number of acts of cruelty upon the part of her husband toward her and to a few acts of actual violence and to a general conduct and behavior on his part which would tend to indicate that he did not have the love and respect for her that a husband should have for his wife. She was to some extent corroborated in some of these matters by other witnesses, although none of them had any knowledge of any violence on the part of appellee toward his wife except some statements he had made. Appellee denied all the charges of cruelty or violence upon his part, and he and a number of witnesses introduced by him testified that he always treated his wife kindly and respectfully and made ample provision for her support and comfort. It appears in evidence that appellant was very nervous and at times hysterical, but she had reached the period in life where such condition might, temporarily at least, be expected. Appellee and other witnesses testified that his wife was very jealous and she admitted that she harbored some jealousy. She also testified that he was jealous of some of the friends with whom she associated prior to her marriage, but, so far as the record discloses, the conduct of neither of the parties after their marriage gave the other much ground for suspicion or jealousy. Appellee had been in poor health for a year or so prior to the separation, afflicted with diabetes and heart trouble, and a doctor testified that he was not able to do hard labor or anything that would cause much exertion. Shortly after their marriage in 1921, these parties moved to Ohio, where they lived for two or three years, and then returned to Kentucky. Two or three years

ago their home burned and they lost all the contents thereof, including something over $200 in money; then they moved to the home of appellee's mother, where they remained until the separation took place. Appellee's mother who is very old and in poor health, owns a good farm which appellee manages for her. On account of ill health, he is unable to do anything except light work; it does appear, however, that he is industrious and a good business man. The evidence discloses that his wife is also industrious and a splendid housekeeper. While appellant in a measure sustained some of the allegations of her petition, her own admissions show that she was not without fault. Evidence for appellee show that he has very little, if any, property, and there is little evidence offered by appellant to show otherwise. We have purposely refrained from discussing, in detail, some matters in evidence, since a discussion of them would serve no good purpose. On the record as a whole, it is apparent that there is no real reason why these people should not live together in comfort and happiness, except possibly that, due to ill health of the husband and to nervousness of the wife, each of them has failed to entertain toward the other that proper degree of forbearance and sympathy that makes for domestic felicity.

In appeals from a judgment refusing to grant a divorce or to grant alimony, the same rules with respect to the weight and sufficiency of the evidence apply as do in any other equitable case. While the appellate court is not bound by the chancellor's finding, but will review and weigh the evidence for itself, it is a rule of general application that weight will be given to the judgment of the chancellor, and it will not be disturbed where it is in accord with the weight of the evidence or where there is mere doubt concerning the correctness of the chancellor's conclusion.

In Hill v. Hill, 151 Ky. 177, 151 S. W. 1183, it is said:

"The court will not reverse the finding of the chancellor refusing a divorce [either absolute or from bed and board] on doubtful evidence especially where the weight of the evidence tends to show that neither of the parties was without fault."

See, also, Nall v. Nall, 251 Ky. 125, 64 S. W. (2d) 453; Axton v. Axton, 182 Ky. 286, 206 S. W. 480.

From our recital of the evidence it is apparent that, if the judgment is not amply sustained by the evidence, the evidence, to say the least, is so conflicting and doubtful as to forbid interference upon the part of this court.

Judgment affirmed.