## McCOWAN v. McCOWAN et al.

Court of Appeals of Kentucky.
May 29, 1951.

Rehearing Denied Dec. 6, 1951.

Carl F. Eversole, Richmond, for appellant.

E. S. Wiggins, Eugene S. Wiggins and O. P. Jackson, all of Richmond, for appellees.

COMBS, Justice.

On March 19, 1945, appellant, Lena McCowan, made an exchange of property with her brother, Leslie Taylor. Appellant and her husband, Bige McCowan, now deceased, executed a deed to Leslie Taylor conveying to him her undivided one-third innterest in a tract of approximately 37 acres. On the same day Leslie Taylor executed a reciprocal deed covering another tract of approximately 5½ acres. This deed, as recorded, contains the names of Lena McCowan and Bige McCowan as grantees.

Bige McCowan died in February, 1948, and in January, 1949, appellant filed this suit against appellees, Delbert McCowan and Ardery McCowan Wade, children of Bige McCowan by a previous marriage. Delbert McCowan's wife and Ardery McCowan Wade's husband were also named as defendants and are appellees here. Appellant alleged that the name of Bige McCowan was inserted as a grantee in the deed covering the 5½-acre tract by reason

of fraud on his part and mistake of the draftsman, and asked that the deed be reformed so as to eliminate his name as a grantee. The lower court dismissed her petition and she has appealed.

It appears that on the morning of the day the deeds were executed, appellant and her husband Bige and her brother Leslie went together to the office of E. C. McDougle, an attorney in Richmond. Mr. McDougle prepared two deeds. One of the deeds covered appellant's interest in the 37-acre tract referred to above and was signed by her and Bige, either in Mr. McDougle's office or later at the county court clerk's office. The other deed, covering the 5-½ acre tract, as originally prepared, contained the name of Lena McCowan as the only grantee. Mr. McDougle testified, and it is not disputed, that shortly after noon on the same day, Bige McCowan returned alone to the lawyer's office and stated that his name had been omitted as a grantee in the deed by mistake. The attorney thereupon inserted the name of Bige McCowan as a grantee in the deed. According to the attorney he did not examine the clerk's certificate on the deed at that time, and he is unable to say whether the certificate of acknowledgment had already been filled out.

Leslie Taylor and appellant testified that both deeds were prepared by Mr. McDougle in his office and were signed there, but were not acknowledged at that time; that the deeds were then taken to the county court clerk's office and acknowledged before Edna M. Hord, deputy county court clerk, and left with the deputy to be recorded; that the name of Bige McCowan was not in the deed covering the 5½-acre tract at the time it was acknowledged and left for recordation. It is their contention that Bige obtained possession of the deed from someone in the clerk's office, after it was acknowledged, returned with it to Mr. McDougle's office and persuaded the attorney to insert his name in the deed as a grantee.

Appellant testified that the first knowledge she had that her husband's name was in the deed was some several weeks later when he brought the deed home after it had been recorded. She introduced George Burrus, Wallace Kanatazar, and Thomas Jenkins as witnesses. George Burrus testified that shortly after the deeds were executed he heard Bige McCowan say: "Lena and Les think they are awful damn smart. They didn't want my name in the deed, but its in there now." This witness also stated in response to a leading question that Bige said: "I went to the clerk's office and got the deed and went and had my name put in it." Wallace Kanatazar and Thomas Jenkins testified that Bige made substantially the same statements to them.

The deputy clerk before whom the deeds wer acknowledged testified that in her "opinion" the name of Bige McCowan was in the deed as a grantee when the deed was acknowledged. J. B. Arnett, the county court clerk, testified that appellant and her husband Bige, accompanied by Leslie Taylor and E. C. McDougle, came to the clerk's office with the two deeds on the morning of the day they were acknowledged and left for record; that Bige refused to sign the deed to Leslie Taylor unless Bige was named as a grantee in the other deed; that after some discussion the parties left the clerk's office and when they returned transacted their business with the deputy, Edna Hord.

Appellant and her brother, Leslie, testified in rebuttal that there was no discussion in the clerk's office or any other place about Bige's name being inserted as a grantee, and also that Mr. McDougle didn't accompany them to the clerk's office.

This Court has held that in order to reform a deed because of fraud or mistake in its execution, the proof must be clear and convincing, or such as to establish fraud or mistake beyond reasonable controversy. Edgewater Coal Co. v. Swinney, 251 Ky. 531, 65 S.W.2d 674, 675; Noe v. Akridge, 310 Ky. 107, 220 S.W.2d 93; Kentland Coal & Coke Co. v. Levine, 224 Ky. 75, 76, 5 S.W.2d 280.

Although appellant and her brother, Leslie Taylor, testify that the name of Bige McCowan was not in the deed when it was acknowledged, the testimony of the county court clerk, as well as the deputy clerk, must be given great weight. They appar-

ently are disinterested witnesses, and no reason is advanced why they should have falsified their testimony. If the clerk's testimony is true, it would appear that Bige McCowan's name was inserted as a grantee in the deed, before it was acknowledged, and by consent of the parties after Bige refused to sign Taylor's deed unless he was included as grantee in the deed to his wife. The statements alleged to have been made by him shortly thereafter are not entirely inconsistent with this theory of the case.

■■ It must be admitted that the name of Bige McCowan was inserted in the deed under questionable - circumstances. The evidence is conflicting, however, and the Chancellor decided in favor of appellees. After careful consideration of the testimony we are not prepared to say he reached the wrong conclusion. When the evidence merely raises a doubt as to the correctness of the Chancellor's finding of fact, his finding will not be disturbed on appeal. Hatfield v. Hatfield, 246 Ky. 359, 55 S.W.2d 5; Green v. Davis, 253 Ky. 105, 68 S.W.2d 750; Elam v. Elam, 258 Ky. 350, 80 S.W.2d 11.

■ It should be noted that exceptions were filed to much of appellant's testimony. They were overruled, but her testimony concerning transactions with her deceased husband was incompetent, and the exceptions to this testimony should have been sustained. Civil Code of Practice, § 606(2).

■ Counsel for appellant places considerable emphasis on the fact that in the certificate of acknowledgment the name of Bige McCowan is extended beyond the blank space provided in the certificate for the name of the grantee. We do not attach any great significance to this. The space is small, and the certificate is filled out with pen and ink. In such cases, where there is more than one grantee, it is not unusual for the name of the last grantee to be extended beyond the allotted space.

In view of what has already been said, it is unnecessary to discuss appellee's plea of laches. It should be noted, however, that appellant offers no satisfactory explanation why she waited almost four years and until after the death of Bige McCowan, to file suit for reformation of the deed.

The judgment is affirmed.