84 N.J. Super. 343 (1964)
202 A.2d 192
GENEVIEVE FALZO, PLAINTIFF-RESPONDENT,
v.
ANGELO JOHN FALZO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1964.
Decided June 29, 1964.
*344 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Leslie H. Cohen argued the cause for appellant.
Mr. John W. Noonan argued the cause for respondent.
The opinion of the court was delivered by CONFORD, S.J.A.D.
The Chancery Division granted the plaintiff wife a judgment for separate maintenance against defendant, and the latter appeals. The amount was fixed at $20 weekly, a sum specified by the court as solely for the maintenance of plaintiff and not for that of a minor daughter *345 of plaintiff who is not defendant's child. Defendant appeals on the ground that he is not lawfully chargeable for plaintiff's maintenance because as their separation was the result of her refusal to abide by his request that the child be put out of the household. He contends that since he is only her stepfather, he was not legally obligated to participate in the support of the child and therefore was justified in conditioning his continued cohabitation with and support of plaintiff on her agreement that their home should not harbor the child any longer.
Judge Hand, sitting in the Chancery Division, rejected defendant's position, holding that the separation of the parties was consensual and that defendant was therefore subject to an order for separate maintenance, Richman v. Richman, 129 N.J. Eq. 114 (E. & A. 1941), limited, however, to support of plaintiff and not the child. We think he was right.
From the original and supplemental agreed statement in lieu of record the following essential facts appear. The parties were married in 1957. As defendant knew, plaintiff then had a ten-year-old daughter whom she was maintaining as a member of her household in a three-room apartment in Newark. Upon the marriage of the parties, defendant moved into plaintiff's apartment and lived there with her and the child, expressing a desire in the beginning to adopt the girl. However, plaintiff would not consent to the adoption. Cohabitation of the parties continued until some time in 1959 at a number of different residences. Throughout that period the child lived with the parties, except for a portion of the time during which they were residing at the Newark apartment, living intermittently with a neighbor in the same building. The record does not explain the reason for the latter circumstance.
After the initial separation the parties resumed cohabitation at periodic intervals during the year 1960. At all such times the child resided in the household. Although the record is cloudy as to detail, there was some testimony of difficulties between defendant and the child during cohabitation of the *346 parties. Defendant testified the child did not "treat him like a father." There are indications, however, that the parties were having more serious differences over an alleged improper relationship between defendant and another woman.
It does not appear from this record that there was any person other than her mother with whom this child could live or look to for support when the final separation of the parties took place. She was then 13 years of age. Defendant was employed as a taxi driver and plaintiff as a waitress; their combined earnings were modest.
It cannot be fairly doubted from this record, and we find, that it was understood at the time of the marriage that plaintiff's child was to reside in the household as a member of the family.
As noted, defendant's sole argument on this appeal is that his insistence that the child be put out of the home as a condition of continued cohabitation with plaintiff was justified since he would otherwise be involuntarily contributing to the support of a stepchild, contrary to his legal immunity from obligation for such support. It is conceded that there is no legal obligation for maintenance of a stepchild enforcible by court order against the will of the stepfather to continue such support and to act in loco parentis to the child. D. v. D., 56 N.J. Super. 357 (App. Div. 1959) (involving a civil action in the Juvenile and Domestic Relations Court to compel, inter alia, support of a stepchild by a husband who had left the home). Some ground for defendant's argument that the stated principle justifies a stepfather in terminating a former relationship in loco parentis with his wife's child, without liability to the wife for support when she refuses his bona fide offer to resume cohabitation with her but without the child, is found in Schneider v. Schneider, 25 N.J. Misc. 180, 52 A.2d 564 (Ch. 1947). The result was theorized on the common-law and statutory immunity of a husband from liability for support of a stepchild to which he refuses to stand in loco parentis although he previously did so. The wife was held a deserter and so not entitled to support because, notwithstanding *347 she professed a willingness to live with the husband, she refused "to do so unless the husband permits her child by her former husband to live in any marital home as before." (at pp. 181-182)
The philosophy of Schaeider was criticized by the Bergen County Juvenile and Domestic Relations Court in Paragian v. Paragian, 48 N.J. Super. 207 (1957), a well-considered opinion holding that a wife would not forfeit her right to have support for herself and two children of the marriage from her husband notwithstanding she refused to put out of the home another child, hers by a previous marriage, for which its own father was making support payments to the wife. The court cited decisions of courts of other jurisdictions which strongly condemned the conduct of husbands, who, after marrying on the understanding that children of the wives by previous marriages would reside in the household, later insisted they be put out of the homes, thereby precipitating marital crises. Williamson v. Williamson, 183 Ky. 435, 209 S.W. 503, 3 A.L.R. 799 (Ct. App. 1919); Rigsby v. Rigsby, 82 Ark. 278, 101 S.W. 727 (Sup. Ct. 1907); Rosenbaum v. Rosenbaum, 206 Ark. 865, 177 S.W.2d 926 (Sup. Ct. 1944); Friend v. Friend, 53 Mich. 543, 19 N.W. 176 (Sup. Ct. 1884). In each such case the husband was found guilty of constructive desertion. In the Williamson case, supra, in language typical of all the cases cited, the court said:
"It would be hard to conceive of treatment that would be more cruel and inhuman by a husband toward a wife than the offer to live with her and give her a home only upon condition that she would get rid of her infant children by a former marriage, whom he knew were entirely dependent upon her when he married her, and agreed she might bring with her to his home * * *" (209 S.W., at p. 505)
In Paragian v. Paragian, supra, Judge Kole wrote:
"The preservation of the family involves the welfare, not only of the spouses, but also of children who are part of the family unit, irrespective of whether the children are those of both or only one of *348 the spouses. It also involves the maintenance of proper parent-child relationships. To compel a mother to cast out her child by a former union from the family unit in order not to be charged as her husband's deserter would be for this court to foster abandonment and neglect of children in these circumstances." (48 N.J. Super., at p. 212)
We regard such views as sound, not only in the context in which expressed but in respect of the law of separation and support. In the case presently before us the issue is not the narrow question whether a husband is legally obliged to support a stepchild, but whether a separation between husband and wife is any the less consensual as to the husband, within the Richman doctrine, supra, where the terms laid down by him for continued cohabitation with his wife are that she cast out of the home her 13-year-old child whom he voluntarily accepted as a member of the household when he married the mother only three years before. We think an enlightened jurisprudence in this day can entertain only one response to the query. The condition is unconscionable; the separation remains consensual as to the husband and he continues liable for support of the wife.
Such pecuniary support of a stepchild as is incidentally involved in a husband's honoring a premarital understanding that the wife's child shall constitute a member of the household is not rendered in discharge of a legal duty to support the child. It is merely decent and humane treatment of the wife in the circumstances presented. If the husband chooses to break up the home over such an issue, the ensuing separation is to be regarded as with his consent.
To the extent that the holding in Schneider v. Schneider, supra, is contrary to these views, it is overruled.
Judgment affirmed.